CLARK v. GOSS AND ANOTHER.

Where the organization of a new county is provided for by law, the acts of the officers of the old county throughout the territory designated for the new county, done after the passage of the law, and before the actual organization of the new county, are valid ; and *prima facie*, it is presumed in favor of the acts of the officers of the old county, that the former organization continues, until the new organization is proved.

To invalidate a location and survey made by an officer of an old county, on the ground that the land lay within a new county erected out of the old at the time of the location and survey, it is not sufficient that the organization of the new county was at the time provided for by law, but it must be proved that the organization had actually been effected.

See this case for circumstances under which it was held that the right of the claimant was not affected by the failure of the Surveyor to approve and record the field notes, &c., at the proper time.

Appeal from Harrison. Action of trespass to try title, by the appellees against the appellant. The Act of Congress of the Republic, which provided for the organization of Harrison county out of a portion of Shelby, was passed on the 25th of January, 1839. There was no proof when the county was organized, but it was proved that the Deputy Surveyors of Shelby county continued to make surveys in said district of country until some time in December, 1839, during which month the Surveyor for Harrison arrived, (being elected by Congress at that time) although he did not qualify for several months afterwards. The survey under which the plaintiffs claimed, was made by a Deputy Surveyor of Shelby county within said district of country, on the first of December, 1839, and was returned to and deposited in the office of the Surveyor of Shelby county, in January, 1840, and was there in a pigeon hole assigned to the work of the particular Deputy who made it, when the transcript of the field notes for the use of the new county of Harrison was made up, but was not transcribed, the Surveyor of Shelby, who made the transcript and who was a witness in this case, could not tell wherefore, but supposed it

was overloooked, nor was it approved by said Surveyor of Shelby, who continued in office until 1843 or 1844, but was approved by his successor, without date. The field notes were afterwards transferred to Harrison county and properly recorded. The lines were plainly marked on the ground.

In the mean time, the party under whom the defendant claimed, caused the land to be located and surveyed in 1841 by the Surveyor of Harrison county, and in 1846 procured a patent.

*Clough & Lane,* for appellant.

*Henderson & Jones,* for appellee.

WHEELER, J. The principal and essential inquiry in this case was as to the validity of the plaintiffs' title. If the plaintiffs by legal and competent evidence have shown the right in themselves, they were entitled to recover, and the judgment must be affirmed. Otherwise it must be reversed. The only question therefore, which it is material to notice, is the competency and sufficiency of the plaintiffs' evidence to establish in themselves a valid subsisting title.

There is no question that the plaintiffs' location and survey were prior in point of time to the defendant's, and if valid must give them the superior and better title. But it is contended, that the survey was invalid, because made by a Surveyor of Shelby county after the passage of the Act establishing and providing for the organization of the new county of Harrison, which embraced within its limits that part of the old county of Shelby in which the land was situated. And in support of the objection we are referred by counsel for the appellant to the case of Linn v. Scott, (3 Tex. R. 67.) To this it is answered by counsel for the appellee, that the new county of Harrison was not organized at the date of the plaintiffs' survey, and consequently, that the territory remained within and subject to the jurisdiction of the county of Shelby.

And the case of O'Shea v. Twohig (9 Tex. R. 336,) is relied on as maintaining the authority of the Surveyor of the latter county to make the survey in question.

The proposition is undoubtedly true, that a Surveyor could not legally make a survey beyond the limits of the county or district in which he was appointed and empowered to exercise his employment or office. And this principle is maintained by the case of Lynn v. Scott, (and see Peacock v. Hammond, 6 Tex. R. 544.) But in that case, the question in the present as to the authority or right of the officers of the old county to continue to exercise the functions of office over the territory erected into a new county within the limits of the old one, until the organization in fact of the new county, did not arise and was not considered. That question arose and was first determined in the case cited by counsel for the appellee, (O'Shea v. Twohig,) which decides that, until the new county is actually organized, the territory remains subject to the jurisdiction of the old county, a principle, the correctness of which, though the question were a new one, we could not hesitate to recognize. Otherwise we must admit the anomaly and absurdity of a community of persons within the State entitled to all the benefits conferred by civil government, and all the rights and privileges secured by the Constitution and laws, and yet, by law, deprived of those benefits and rights; neither amenable to the law, nor enjoying its protection; disfranchised, and in effect expatriated. An Act intended to have such effect, or which required to be so construed as to give it such effect, would be a nullity. The case of O'Shea v. Twohig is decisive of the present question, and rightly so on principle. The officers of the county of Shelby were not precluded from exercising the functions of their offices in all the extent of their former jurisdiction, until the new jurisdiction became operative by its complete organization.

It does not appear when the county of Harrison was in fact organized. The County Surveyor, it seems, was not qualified to enter upon the discharge of the duties of his office until

some months after this survey was made. He then respected the surveys of the same and even a later date than the present, made by the county Surveyor of Shelby county, his predecessor in office, within the same jurisdictional limits. And it does not appear that the legality of those surveys was ever questioned, except in this instance; first by his successor in office, (and now by those who claim under him,) who at the time was seeking to appropriate to himself the land embraced within the survey. But for the disposition of the present question it will suffice to say that it devolved on the party impeaching the title to make good his objection; and if the survey was not in fact made until after the organization of Harrison county, the defendant should have made proof of that fact. We conclude, therefore, that this objection to the plaintiffs' title cannot be maintained.

There are other views of the case presented by the record, and urged with much apparent reason, on behalf of the appelees, in support of this conclusion. But as the view already presented is conclusive of the question, it is unnecessary to pursue the inquiry upon those points.

The objection that the plaintiffs had abandoned their survey, and that the party making the location and survey under which the defendant claims, was not affected with notice of their elder survey, cannot be maintained. The field notes and a plat of the survey were duly returned to the proper office in Shelby county; the plat was recorded, and the lines of the survey were plainly marked, so that the subsequent locator had, or if he had used due circumspection and care, might have had information that the land had been surveyed and severed from the public domain. The failure promptly to transfer the field notes to the records of Harrison county is satisfactorily accounted for by the witnesses. It was in consequence of no fault or neglect on the part of the plaintiffs, but was the result of an oversight committed by the officer, which, under the circumstances cannot be justly held to affect their right. Their title to the land in question seems clear

and indisputable. The verdict and judgment were fully warranted by the evidence, and it is unnecessary to revise the rulings of the Court upon other and immaterial matters. The judgment is affirmed.

Judgment affirmed.