Buckinghouse and Another *v.* Gregg.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Tyler* and *Ristine*, for the appellant.

——————•♦•——————

BUCKINGHOUSE and Another *v.* GREGG.

This Court will take judicial notice of a county created by a public statute, but not of one created by county commissioners under the. general law.

The time of the erection of a new county by the commissioners, where it becomes material on a question of jurisdiction, must be proved.

The Court will judicially notice the time of the sessions of Courts, held in such new county, pursuant to law.

A suit, commenced to foreclose a mortgage, in the proper county, would not be defeated by the division of the county afterward.

The division of a county would not be complete, until a Court was so far organized therein as to enable suits to be commenced in such new county.

Where a note, executed and payable in another State, bears a higher rate of interest than is allowed in this State, and suit is instituted upon it in this State, it is not necessary to plead the law of the foreign State.

In such case, the Court presumes the common law to be in force in such other State (of the *United States*), with one or two exceptions,. and as that law prescribes no rate of interest, the contract will be presumed valid by the existing law, when, and where, it was made.

On a foreclosure, where there is no order or judgment over, for any deficiency that may remain after the sale of the property mortgaged, there is no personal judgment.

APPEAL from the *Jasper* Circuit Court.

*Per Curiam.*—The Court takes judicial notice of a county created by a public statute. But the Court does not take

judicial notice of the time of the division of counties, and the erection of new ones, by county commissioners, under the general law. The time of the erection of a new county, by such process, where it becomes material, touching a question of jurisdiction, must be proved.

The Supreme Court, in a case appealed, would, doubtless, take notice of the session of the Court, when held in such county, pursuant to law.

Where a suit was commenced for the foreclosure of a mortgage, in the proper county, such suit would not be defeated by the division of the county afterward; and the division of the county would not be complete, till a Court was so far organized in the new county, as to enable suits to be commenced in such county. See 2 Blackf. 391.

Where a note is made, and made payable in another State, and bears a higher rate of interest than is allowed, by law, in this, but suit is instituted upon it, for collection, in this State, it is not necessary to plead any law of such State, touching interest. The Court presumes the common law to be in force in such other State, of the *United States*, with, perhaps, an exception or two; that law established no rate of interest, and hence we presume the contract valid, according to existing law, when and where it was made.

When a mortgage is foreclosed for the last installment, a decree that the property be sold, as property is sold under execution, to make the money, is good; because the sheriff only sells so much as will make the money, where the property is divisable. Where there is no order or judgment for any deficiency that may remain unpaid, after the sale of the land mortgaged, there is no personal judgment.

The judgment below is affirmed, with costs, and one per cent. damages.

*McDonald and Walker,* and *Milroy and Tatman,* for the appellants.