A. T. WILSON, ADMINISTRATOR, *v.* SALLY CATCHINGS.

1. CONSTRUCTION OF STATUTES.—The act directing that all causes, criminal and civil, pending in Kaufman be transferred to Rockwall county, in which the defendant resides, does not authorize the transfer of an administration, on application of one *claiming* the administration as widow, as against the administrator.

2. VENUE IN PROBATE MATTERS.—It would seem that such application should be heard and determined by the court where letters had been granted.

APPEAL from Kaufman.  Tried below before the Hon. A. J. Fowler.

August 23, 1873, A. T. Wilson applied to the District Court of Kaufman county for letters of administration on the estate of Augustus Catchings, deceased, who died 26th February, 1873, while on a visit to Hines county, Mississippi.  It was alleged that deceased resided in Kaufman county, and left an estate of about six thousand dollars— left no widow, and that petitioner had the consent of creditors to administer.

October 1, 1873, after due notice, the court made an order granting letters of administration as prayed for to Wilson.

On October 6, Wilson filed his bond in $12,000, which was approved, and took the statutory oath as administrator.

Upon this, and on same day, the court ordered that letters of administration *issue* to Wilson.

On same day, Sally Catchings filed *objections :* (1,) because she was the lawful wife of the deceased; (2,) because the estate was community property; (3,) because the estate is situated in Rockwall county, and because Wilson resided in Kaufman county, and had no interest in the estate, nor was of kin to the intestate.

On same day was filed by Ward & Slaughter, attorneys of Sally Catchings, a motion to revoke the order granting letters to Wilson, alleging that she was the widow of deceased; that the homestead of deceased, at his death, was in Rockwall, and not in Kaufman county; that no part of the property of the estate was in Kaufman county, but that all is situate in Rockwall; that Wilson was not of kin nor interested in the estate; that there was pending in Rockwall county an application for letters of administration; and that the property of deceased was situate in that part of Kaufman county which is now comprehended in the limits of Rockwall county.

October 17, Wilson filed an answer resisting the motion, denying that Sally Catchings was widow of deceased; alleging that she was a freed-woman, and had been his slave; that deceased had hired her to accompany him to Texas, and to nurse his son, about 10 years of age ; that deceased had purchased for her 250 acres of land, worth fifteen hundred dollars; had given her a wagon and pair of mules worth five hundred dollars; that she had been hired by deceased, and had been paid in full, &c. ; that the deceased left legitimate children by a marriage, (giving the names;) that the administration had been undertaken at request of creditors, and for the. protection of the estate; that he (Wilson) had, on 23d April, 1873, obtained temporary letters of administration on the estate, at which time and for long subsequent thereto the county of Rockwall was not organized.

Upon the motion the court ordered the transfer of the " administration to Rockwall county, as directed by law."

To this Wilson excepted and gave notice of appeal.

It appears by bill of exception that Wilson offered evidence in support of all his allegations in his answer that Sally Catchings was not widow of deceased ; that she had no interest in the estate. Appeal bond, over objection, was fixed by the court at $12,000, to operate as suspensive.

*T. J. Word,* for appellant.

No brief for appellee.

GOULD, ASSOCIATE JUSTICE.—On the 22d day of August, 1873, appellant, Wilson, applied to the District Court of Kaufman county for letters of administration on the estate of Augustus Catchings, deceased, alleged to have died on February 26, 1873, and to have resided in said Kaufman county at the time of his death. On October 1st ensuing, an order was made granting him the administration, and

on the 6th of the same month, he having given bond and taken the oath, a further order was made that letters be issued. On the same day Sally Catchings, claiming to be the wife of deceased, filed a motion to revoke the letters of administration, alleging, amongst other things, that the home of deceased was in that part of Kaufman county then comprehended within the limits of Rockwall county; that the court had no jurisdiction, and asking also the transfer of the cause to Rockwall county. On the hearing of this application, the court entered up an order, reciting that it appeared that the home of deceased and the bulk of his property were in Rockwall county; that the applicant, Sally Catchings, lived with deceased at the time of his death, "and that the said applicant is in fact the real defendant in this case," and directing the transfer of the administration to Rockwall county, "as directed by law."

On the 1st of March, 1873, was passed an act creating the county of Rockwall, directing its organization by commissioners. On June 2, 1873, another law was enacted, published with the special laws, directing the transfer from the District Court of Kaufman of all causes, civil and criminal, then pending in said court, "in which the defendant resides in Rockwall county." This seems to have been regarded by the court as authorizing its action; but we are unable to see how one who was applying for the revocation of letters of administration granted to another, and asking the order of removal of the case, could claim the privileges of a defendant. We have been cited to no other provision of the general law or the law regulating administrations giving the court authority to change the venue in cases like the present. The power to do so exists only in cases provided for by law. (Taylor *v*. Williams, 26 Tex., 585.) In cases of new counties being created, including the territory where the deceased had resided, the act of 1846 made it the duty of the County Court, upon the petition of the executor or administrator, or a majority

of the heirs of any such estate, to transfer the administration. But even if still in force, which we will not now proceed to inquire, it does not affect the case before us. We must assume, in the absence of proof showing when Rockwall county was organized, that the court had jurisdiction to govern the letters. (Clark *v*. Goss, 12 Tex., 395; Burdett *v*. Silsbee, 15 Tex., 604.) If, in fact, the court had become satisfied that it had no jurisdiction, because Rockwall county was organized before the application for letters was filed, it certainly failed to correct the original error by making an unauthorized order transferring the case to Rockwall county, instead of setting aside its whole proceedings.

The judgment is reversed and the case remanded.

Reversed and remanded.