### Frank Trimble v. D. W. Edwards et al.

#### No. 7168.

1. **Evidence—Lost Deed—Practice.**—When secondary evidence of a lost deed is offered it is not necessary to file a preliminary affidavit of the loss or destruction. The evidence of a witness on the stand, instead of an affidavit, will be sufficient.

2. **Certified Copy of Lost Deed.**—As predicate for admission under the statute (Rev. Stats., art. 2257) of a certified copy, an affidavit to its loss or destruction is sufficient. Sufficient search is not necessary as when other secondary evidence of its execution and contents is offered.

3. **Same—Case Adhered to.**—Nye v. Gribble, 70 Texas, 462, adhered to.

4. **Judicial Notice—Organization of Counties.**—Courts will not take judicial notice of the dates of the organization of counties.

ERROR from Hamilton. Tried below before Hon. T. L. Nugent. No statement is necessary.

*Croft & Blanding* and *G. R. Freeman,* for plaintiff in error.—1. The court erred in excluding from the evidence offered by plaintiff the cer-

tified copy of deed from Cyrus to Croft for the land in controversy taken from the record of deeds of Coryell County and offered in evidence generally by plaintiff, after affidavit by plaintiff's attorney of the loss or destruction of the original and the filing of said copy among the papers of the cause and notice thereof to defendants more than three days before the trial; because the said certified copy, under article 2257 of the Revised Statutes, was admissible in evidence under such circumstances without proof of the execution of the original deed, as the original would have been.    Rev. Stats., art. 2257; Acts 5th Leg., chap. 36, sec. 6; Acts 3d Leg., chap. 55, sec. 2; Acts 7th Leg., p. 60, secs. 9–11; Acts 7th Leg., p. 54, sec. 1; Acts 6th Leg., p. 27, sec. 1; Rev. Stats., arts. 670, 4358; Watson v. Blymer, 66 Texas, 561; Fulton v. Bayne, 18 Texas, 56; Norton v. Mitchell, 13 Texas, 51; Hubert v. Bartlett, 9 Texas, 103; Leach v. Millard, 9 Texas, 551; Fowler v. Stonum, 6 Texas, 74; Rule 57 for Dist. Courts; Land Co. v. Chisholm, 71 Texas, 527; Lumkin v. Muncey, 66 Texas, 311, and cases cited; Clark v. Goss, 12 Texas, 397; O'Shea v. Twohig, 9 Texas, 336; McKissick v. Colquhoun, 18 Texas, 149; Nye v. Gribble, 70 Texas, 462.

2.    The court erred in refusing to grant a new trial on account of the erroneous exclusion of the certified copy of the Cyrus-Croft deed, because it having been filed among the papers of the cause more than three days before the trial, together with an affidavit of the loss of the original, and more than three days notice thereof having been given defendants, and no objection to it as a certified copy of a recorded deed having been offered, it was admissible in evidence when offered by plaintiff without proof of the execution of the original, under article 2257 of the Revised Statutes.    Buford v. Bostick, 50 Texas, 375; Chinn v. Taylor, 64 Texas, 389; Chambers v. Fisk, 15 Texas, 344; Rev. Stats., art., 2257; Laws 3d Leg., chap. 55, sec. 2; Laws 5th Leg., chap. 36, sec. 6; Laws 7th Leg., p. 60, sec. 9–11; Laws 7th Leg., p. 54, sec. 1; Laws 6th Leg., p. 27, sec. 1; Rule 57 for Dist. Courts; Land Co. v. Chisholm, 71 Texas, 527; Nye v. Gribble, 70 Texas, 462.

No brief for defendants in error reached the Reporter.

GARRETT, PRESIDING JUDGE, *Section B.*—This is an action of trespass to try title, brought August 19, 1886, by Frank Trimble, as plaintiff, against D. W. Edwards and D. L. Hammock, as defendants, to recover 640 acres of land situated in Hamilton County.

Defendants answered separately.    Defendant Edwards disclaimed as to 128 acres of the land, and as to the balance pleaded not guilty, etc. Defendant Hammock disclaimed as to all of the land except the 128 acres, as to which he pleaded not guilty, the statute of limitations of five years, and in reconvention to have his title quieted.

To show a complete chain of title in himself, the plaintiff offered in evidence the deposition of William Croft as to the loss and execution of a deed from J. T. Cyrus to William Croft and the contents thereof, together with a certified copy of said deed from the records of Coryell County. On objection by defendants the court excluded the proof of the execution and contents of said deed, and the certified copy thereof, because the testimony of Croft and Freeman, which was also offered as to the loss, did not sufficiently lay the predicate to admit proof of the same as a lost instrument. Whereupon the plaintiff demurred to the evidence of the defendants and asked for a nonsuit. The demurrer was sustained as to the defendant Edwards, and as to him a nonsuit was granted; but as to the defendant Hammock the demurrer was overruled and judgment rendered in his favor on his cross-bill.

On motion of the plaintiff the cause was reinstated as to the defendant Edwards; but his motion for a new trial as to Hammock was overruled. The issue between plaintiff and Edwards was afterward tried and judgment rendered in favor of the plaintiff, from which there is no appeal. Plaintiff in error now seeks a reversal of the judgment of the court below as to said Hammock, for errors assigned with respect to the action of the court in excluding the deposition of William Croft as to the execution of the deed from Cyrus to Croft, and the exclusion of the certified copy of said deed from the records of Coryell County; also the refusal of the court to grant him a new trial, and other errors.

As a predicate for the introduction of the evidence of Croft as to the contents of the deed as well as of the certified copy thereof from the records of Coryell County, it was shown by the witness Croft that such a deed had been executed; and as to its loss and the search therefor the witness testified: "I had the deed, as stated, from James T. Cyrus, and sent it to Coryell County, where I supposed the land to be situated, for record; it then came back, and I forwarded it, I think, with other papers concerning the land, to Mrs. Adeline E. Reeves, or her husband at the time, Benjamin Reeves, and have never seen them since. Within the last two years I have made dilligent search for it in person, and by writing letters to different parties; wrote also to Frank Trimble once or twice last year, who was then living at Summerville, Tennessee, to see Mrs. Shaddinger, formerly Mrs. Reeves, and get her to look among her papers for it, and to inquire about it; wrote to the county clerk and lawyers in Coryell County, making inquiries, and inquired of some of Mrs. Reeves' relatives here about the deed, but have never been able to find or hear of it. It is either lost or destroyed. I have several times made diligent search through all my papers, deeds, etc., heretofore for said deed, and have, as stated, made inquiries wherever I could imagine the deed to be, and have always failed to find it or hear of it. The reason I know the deed is

lost is because I have not been able to find it, and have made diligent search and inquiry for it, as above stated. It may be possible that I did not send it to Mrs. Reeves with the other papers; my impression and belief is that I did, but if I did not it may have been destroyed by fire, as twice since the war I have lost some papers by fire. I have gone through my papers again to-day and can not find it. I am one of the plaintiff's attorneys. He (plaintiff) lives here (Corsicana, Texas) now; and as his attorney, I have looked and searched for said deed before and after he came here. He came here in February last with his family; had been here on a visit in the fall of 1885."

G. R. Freeman, one of plaintiff's attorneys, testified, that as counsel for plaintiff he wrote to his associate counsel, William Croft, inquiring for the deed from James T. Cyrus to William Croft, and suggested, if it were lost, that diligent search be made for it, and if not found, that it would be advisable to prove its loss and diligent and unsuccessful search for it; that he suggested also to Croft that it would be proper to see or write to the plaintiff and have him make search.

When secondary evidence of a deed that has been lost or destroyed is offered, it is not necessary to file a preliminary affidavit of the loss or destruction. The evidence of a witness on the stand instead of the affidavit will be sufficient. Parks v. Caudle, 58 Texas, 220. But in order that secondary evidence of the execution and contents of such a deed may become admissible, it must be shown "that there has been diligent search and inquiry made of the proper person and in the proper places for the lost deed; that the loss must be proved, if possible, by the person in whose custody it was at the time of the loss, if such person be living; and if dead, application should be made to his representatives and search made among the documents of the deceased." Vandergriff v. Piercy, 59 Texas, 372; Hill v. Taylor, 77 Texas, 299. The evidence does not show that any application was made to Mrs. Shaddinger for the deed; nor even that it may not have been in the possession of the plaintiff himself. As a predicate for the admission of evidence as to the contents of a lost deed the testimony was clearly insufficient, although Mrs. Shaddinger may have been shown to be beyond the process of the court.

We think, however, that the testimony was sufficient to admit in evidence the certified copy of the deed which was attached to the deposition of the witness if it came from a proper record. Rev. Stats., art. 2257; Nye v. Gribble, 70 Texas, 462. The witness testified, that the deed was lost, and the deposition with the copy attached had been on file more than a sufficient length of time to authorize its introduction in evidence. The copy shows, that the deed was dated November 11, 1858, and that it was signed by J. T. Cyrus in the presence of J. M. Riggs and T. J. Haynes; that it was duly proved for record by T. J.

Haynes before A. Duren, clerk of the County Court of Navarro County; that it was filed for record with the county clerk of Coryell County, February 16, 1859; and that it was duly recorded February 17, 1859. It is properly certified by the clerk of the County Court of Coryell County. Hamilton County was created January 22, 1858, by an act of the Legislature, out of territory attached to and forming a part of the territorial limits of Coryell County; and it was provided, that until organized under the provisions of the act creating it, it should remain under the same jurisdiction as it then was. Acts 5th Leg., p. 45; Acts 7th Leg., pp. 60, 61. It is not shown when the county of Hamilton was organized. A deed filed for record in the mother county after the creation of the new county and before its organization, has been held to have been properly filed. Lumpkin v. Muncey, 66 Texas, 311. The courts will not take judicial notice of the date of the organization of a county. In Clark v. Goss, 12 Texas, 397, when the validity of a survey made after the creation of Harrison County was in question, the location having been made by the deputy surveyor of Shelby County, out of which Harrison County had been created, it was held, that "if the survey was not in fact made until after the organization of Harrison County, the defendant should have made proof of that fact." To the same effect see Wilson v. Catchings, 41 Texas, 590, and Buckinghouse v. Gregg, 19 Ind., 401. In the absence of proof that Hamilton County had in fact been organized when plaintiff's deed was recorded in Coryell County, it will be presumed, in favor of the act of the clerk who recorded the deed, that it was recorded in the proper county, and the copy of the deed should have been admitted in evidence as a certified copy of an instrument properly of record.

As the judgment of the court below must be reversed for the error already pointed out, and as the other errors assigned need not be disposed of with a view to another trial of the case, we will not consider the remaining assignments of error.

The judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 3, 1892.