### E. L. DOHONEY v. W. O. WOMACK ET AL.

#### No. 10.

1. **Common Source of Title—Proof of Deed Constituting.**—Where plaintiff gave in evidence, over objection, an administrator's deed, without proof of any order of sale or confirmation thereof, defendant's objections on this ground are waived when he subsequently offers the same deed as part of his own title; and such deed being a common source of title, the action of the court in first admitting it, if error at all, is immaterial.

2. **Lost Deed—Written Affidavit as Predicate.**—The evidence of a witness on the stand as to the execution and loss of a deed may suffice in lieu of a written affidavit as a predicate for secondary evidence to prove the contents of such deed.

3. **Lost Deed, Proof of.**—See proof held sufficient to establish the loss and contents of a deed.  The recitals in a second deed made to supply the lost deed, of the execution of such prior deed, is admissible as evidence of that fact.

..4. Constructive Trust—Deed of Confirmation.—A quitclaim deed of confirmation was made to B. in consideration of a former sale to A., in order to supply a deed supposed to have been then executed to A., and upon the assurance that B. was the vendee of all of A.'s rights. *Held*, that whether the supposed prior deed had been executed in fact or not, the second deed conveyed the title; and as B. was in truth the vendee of only part of A.'s right, he held the remainder of the title in trust for the real owners.

5. Consideration of Deed—Confederate Money.—Where a sale was made in 1864 for Confederate money then paid to the grantor, this was a sufficient consideration to support the deed made by him to carry out such sale, although such deed was not executed until after such money had become wholly worthless.

6. Description in Deed—Undivided Interest.—Where a tenant in common makes a deed for a specified number of acres, to be selected by the grantee from the whole tract, such deed is not void for uncertainty.

7. Parties to Suit—Right of Way.—In a suit of trespass to try title and for partition of a tract of land through which a railway has been constructed, the railway company is not a necessary party.

ON REHEARING.

8. Deed by Tenant in Common of a Specific Part.—A deed by one tenant in common for a number of acres (not exceeding his interest) to be selected by the vendee out of a larger tract, is not void, and upon waiver of right to select, the vendee becomes tenant in common in the entire tract. His share will be represented by a fraction whose numerator is the number of acres conveyed to him, and whose denominator the number of acres in the whole tract.

9. Cases Followed and Construed.—The case of Nye v. Moody, 70 Texas, 434, followed, and that of Dull v. Blum, 68 Texas, 299, discussed and held not to be in conflict with this case.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAND.

This appeal was first decided by the Commission of Appeals, and their report adopted by the Supreme Court on the 24th day of May, 1892. Afterward a motion for rehearing was granted and the case transferred to the Court of Civil Appeals, Second District, where the opinion on rehearing was rendered.

*A. P. Dohoney*, for appellant.—1. The administrator's deed, unsupported by the order of court and the petition on which it was granted, is not sufficient evidence of the title to maintain plaintiff's cause of action, as the plaintiff must recover on the strength of his own title. Rev. Stats., arts. 2090, 2091; Terrell v. Martin, 64 Texas, 121; Jones v. Taylor, 7 Texas, 242; Pasch. Dig. of Dec., sec. 11822.

2. The court erred in admitting secondary evidence of the existence, loss, and contents of an alleged deed from W. W. Stell to John D. Womack without a sufficient legal predicate therefor. Blanton v. Ray, 66 Texas, 61; Parks v. Caudle, 58 Texas, 216; Clifton v. Lilley, 12 Texas,

135; Mays v. Moore, 13 Texas, 85; 1 Greenl. Ev., sec. 558; Whart. Ev., sec. 129.

3. The court erred in holding that the deed executed June 1, 1867, by W. W. Stell to E. L. Dohoney inured to the benefit of the heirs of John and Archie Womack. Bisph. Eq., sec. 78; Story Eq. Jur., sec. 1198; Dyer v. Dyer, 2 Cox, 97; 1 Lead. Cases Eq., sec. 165.

4. A deed for a given number of acres of land, to be taken out of a larger tract, the locality of which the vendee has the right to select, is valid. Nye v. Moody, 70 Texas, 434; Wofford v. McKinna, 23 Texas, 36.

*A. P. Park* and *Geo. A. Titherington*, for appellees.—1. In order to admit secondary evidence to establish a lost deed or bond for title, it is only necessary to prove its execution and that it is lost. It is never necessary to prove its exact contents where no copy has been preserved. Parks v. Caudle, 58 Texas, 220.

2. The grantee in deed takes title with full notice of all facts recited in said deed, and is afterward precluded from denying that such recitations are facts. Such recitations are admissible as evidence of the facts recited. Hardy v. De Leon, 5 Texas, 244; McCutchen v. Purinton, 84 Texas, 603; Polk v. Chaison, 72 Texas, 502.

3. In determining who the real grantee is, in a deed for land, the intention, as shown by the recitations in deed, must be looked to in preference to express names. Soye v. McCallister, 18 Texas, 80.

4. An instrument which describes the land attempted to be conveyed as 100 acres in S. M. Fulton survey, Lamar County, Texas, to be taken in any part of an 825 acres tract that the grantee might select, is void as a deed for want of sufficient description, and conveys (if anything) no legal title, but only an equitable right to make a selection, which right could be barred in ten years under a plea of stale demand. Dull v. Blum, 68 Texas, 299; Montgomery v. Noyes, 73 Texas, 208; Gresham v. Chambers, 80 Texas, 548; Flanagan v. Boggess, 46 Texas, 335; Hunter v. Morse, 49 Texas, 235; Jones v. Carver, 59 Texas, 295; Coker v. Roberts, 71 Texas, 602; Nye v. Moody, 70 Texas, 434; Wofford v. McKinna, 23 Texas, 36; Hackworth v. English, 53 Texas, 488; Shackelford v. Bailey, 35 Ill., 391; Norris v. Hunt, 51 Texas, 614.

GARRETT, PRESIDING JUDGE, *Section B.*—Plaintiffs brought this suit as the heirs of John D. Womack, Jr., and Archie Womack, to recover of the defendant, E. L. Dohoney, a two-thirds interest in a tract of 825½ acres of land of the S. M. Fulton survey, in Lamar County. They pleaded their title, deriving it from one W. W. Stell; recognized an interest of one-third of the land in the defendant as the grantee of Mrs. Mollie E. Pass, one of the heirs of John D. Womack, Jr., and Archie Womack; alleged that the deed of conveyance from W. W. Stell to John D. Womack, Sr.,

had been lost or mislaid; and that the defendant claimed the entire tract under an after deed from Stell, which inured to their benefit as well as his own.

The defendant answered, that he had purchased certain portions of the land at tax sales; that he had bought 65 acres from one McCuistion; that he had purchased the entire tract from the said Mollie E. Pass and her husband, and that he had procured a deed therefor from the said W. W. Stell, which conveyed to the defendant a legal and equitable title, because no deed had ever been executed from Stell to the said John D. Womack, Sr.

The case was tried without a jury, and resulted in a judgment for the plaintiffs for two-thirds of the land, and a decree of partition. Defendant has appealed, and has assigned errors for which he seeks a reversal of the judgment of the court below.

The court's findings of fact were as follows:

" 1. That W. W. Stell had a valid title to all the land described in plaintiffs' petition, and that plaintiffs and defendant claim through him as a common source.

" 2. That W. W. Stell bargained and sold the said land in 1864 to John D. Womack, Sr., and received the purchase money therefor, and that afterward, about 1867 or 1868, he executed a deed to said Womack for said land, which deed is lost.

" 3. That on April 21, 1868, John D. Womack, Sr., by deed, sold and conveyed said land to Wm. H. Womack.

" 4. That on the 23d day of February, 1870, Wm. H. Womack, by deed, conveyed said land to John D. Womack, Jr., and Archie Womack.

" 5. That plaintiffs and Mrs. Mollie E. Pass are the sole surviving heirs of Archie and John D. Womack, Jr., and that as such plaintiffs inherited an undivided two-thirds interest and Mrs. Mollie E. Pass an undivided one-third interest in and to said land.

" 6. That on the 4th day of December, 1885, Mrs. Mollie E. Pass, joined by her husband, conveyed by deed all her interest in said land to E. L. Dohoney, the defendant.

" 7. That in June, 1887, W. W. Stell executed a quitclaim deed to the defendant, without any consideration except as recited therein, to-wit, the purpose to supply the lost deed from Stell to John D. Womack, Sr., mentioned in No. 2 of the preceding findings."

There is also a statement of facts in the record.

W. W. Stell acquired his title to the land by deed from B. F. McCuistion, as administrator of his wife Mary McCuistion, deceased. This deed was admitted in evidence over the objection of the defendant, without proof of the proceedings in the Probate Court ordering the sale and confirmation thereof. A bill of exceptions was taken and the action of the court assigned as error. The subsequent introduction of the same

deed by the defendant was a waiver of the error in its admission in behalf of the plaintiffs. Again, as Stell was common source, it can not be seen how the error was material, if it was error at all.

In order to lay the predicate for the introduction of secondary evidence to prove the contents of the alleged lost deed from W. W. Stell to John D. Womack, Sr., witnesses were permitted by the court to testify on the stand as to the execution and loss of such a deed, without a preliminary affidavit. The evidence of a witness on the stand may suffice instead of such affidavit. Parks v. Caudle, 58 Texas, 220; Trimble v. Edwards, 84 Texas, 497. But it is contended that the proof of the execution of the deed is not sufficient to sustain the finding of the court.

W. W. Stell, the alleged grantor, testified: "About the year 1864 I sold the land described in plaintiffs' petition to John D. Womack, Sr. He paid me cash the purchase money, which was about $8000 in Confederate money. I thought until recently that I made him a deed for the land at the time he purchased the same, but recently I have investigated the records, and am now of the opinion that I only then made him a bond for title, from the fact that McCuistion did not make me a deed until 1867. Until I searched the records I had firmly believed that I had made a deed, and now I have no other reason for believing that the deed was not made than the fact that I failed to find it by such search. I now think that I have made three different deeds to this land.

"Sometime between the 1st day of April, 1867, and the 1st day of April, 1868, F. W. Miner, representing the Womack side of the question, approached me about this land and said his client wanted a deed from me. The matter was satisfactorily settled at that time, and I am confident that I made Womack a deed for the land then, though I could not swear positively that I did make it. I am perfectly well satisfied now that I first made a title bond to John D. Womack, Sr., and that I again, in 1867 or 1868, made a deed when approached by F. W. Miner.

"In June, 1887, the defendant, E. L. Dohoney, informed me that no deed was of record from me to John D. Womack, Sr., stating at the same time that he held a fee simple title from all the heirs of said Womack; said Dohoney thus induced me to sign him a quitclaim deed to supply this loss or lack of recorded deed from me to John D. Womack, Sr. Defendant knew at the time he received this last mentioned deed from me of the former sale to said Womack, and also of the fact that the purchase money had been paid by said Womack to me. E. L. Dohoney has never paid me anything for said 825½ acres of land, nor did he pay me anything for said deed. Womack paid me cash for the land, and I have never claimed the land since I sold to him, nor do I now claim any interest in it. It has been known ever since said sale as the Womack land, and so recognized by me, and I am perfectly satisfied with said sale now."

The deed from W. W. Stell to E. L. Dohoney recited that, "for and in consideration of the fact that sometime between April 8, 1867, and April, 1868, for value received, I sold and conveyed the hereinafter described land to John D. Womack, now deceased; and whereas, my deed to said Womack was never recorded and is now lost or mislaid and can not be found; and whereas, E. L. Dohoney is now the owner of said land, by purchase and conveyance from the assignees and surviving heirs of said John D. Womack, deceased; now, therefore, to pass whatever technical or legal title may appear from the record to remain in me to the real and equitable owner, I have granted, sold, and conveyed, and by these presents do grant, bargain, and sell and convey unto the said E. L. Dohoney, and to his heirs and assigns, a certain tract of land," etc. * * * "To have and to hold the above described premises, together with all and singular the rights, members, improvements, hereditaments, and appurtenances thereto in any way belonging, unto the said E. L. Dohoney and his heirs and assigns forever, in fee simple; it being understood that this is only a quitclaim deed."

Dohoney was claiming the land by tax deeds, by a deed from McCuistion for 65 acres out of 100 acres sold to J. W. Wooldridge by Archie Womack, Jr., and by a deed from Mrs. M. E. Pass and husband for their right, title, and interest in the land.

F. W. Miner testified, that in 1867 Womack told him that he had bought the land from Stell for Confederate money, but had no deed or bond for title, and employed witness to procure a deed. The witness detailed negotiations with Stell about getting a deed, and said that the matter was delayed and deferred and no deed was ever executed by Stell to Womack.

Defendant pleaded, that the recital in the deed from Stell to him that a deed had been executed by Stell to Womack and was mislaid or lost was, in fact, untrue, and that the deed from Stell to him invested him with the full legal and equitable title to the land in controversy. The recital in the deed from Stell to Dohoney that a deed had been executed by Stell to Womack was admissible as evidence of that fact. *McCutchen v. Purinton*, 84 Texas, 603. We think that the finding of the court below that such a deed was executed was supported by the evidence, and that there was sufficient testimony as to its contents.

In announcing its conclusions of law it was stated by the court: "If the court should be mistaken in its findings that W. W. Stell executed a deed to John D. Womack, Sr., in 1867 or 1868, yet the court is of the opinion that the deed executed by W. W. Stell to the defendant in June, 1887, being made for the purpose of carrying out the original contract made by Stell with John D. Womack in 1864, inures to the benefit of plaintiffs as well as to the defendant, and perfects plaintiffs' title to an undivided two-thirds interest in the land." The conveyance was made

upon a pre-existing consideration for the purpose of vesting the legal title where Stell supposed it equitably belonged; and if, in fact, Stell had not before executed a deed to Womack for the land, then Dohoney, who took the conveyance with full notice of the rights of Womack, and was himself claiming under him, became the trustee by construction of the legal title for the benefit of himself and the plaintiffs. Soye v. McCallister, 18 Texas, 98. It was not necessary that the transaction should be such as to create a resulting trust, as contended by the appellant under his fourth assignment of error, in order to make the deed inure to the benefit of plaintiffs as well as Dohoney, because a conveyance may be made under such circumstance as would imply a constructive trust; and we think that the circumstances in this case are such as would make it inequitable for the defendant to hold the entire title against the just claim of the plaintiffs, of whose rights he had full notice outside of the recitals in the deed from Stell to him, because he knew that there were in fact other heirs besides Mrs. Pass, who conveyed to him only what interest she had in the land, and procured the deed by representing to Stell that he owned the title of the heirs.

No objection was made to the deed in the court below, that there was not a sufficient consideration shown to support its execution. It has, however, been frequently held that Confederate money was a valuable consideration; and if the land was paid for in 1864 with Confederate money, that would be a sufficient consideration for the execution of the deed after that character of money had become entirely worthless.

There is an assignment of error that the court erred in admitting in evidence the deed of partition by a portion of the heirs of John D. Womack. Whether or not there was error in this matter is immaterial, because title was shown in the heirs without reference to that instrument.

Appellant's seventh assignment of error relates to the exclusion from the evidence of the deed from Archie Womack to J. W. Wooldridge for 100 acres of the land in controversy, to be taken wherever the grantee might select; and a deed from J. W. Wooldridge to M. H. McCuistion for 65 acres of the 100 acres, and a similar deed from McCuistion to the appellant for the 65 acres. It was error to exclude the Wooldridge deed, because a deed for a given number of acres to be selected from a larger tract is not void for uncertainty. Nye v. Moody, 70 Texas, 434. We do not pass on the admissibility of the other two deeds, as not necessary to a disposition of the case, and the party to be affected by them is not before the court. As this error will lead to a reversal of the case, it is proper to note that the owner of the remaining 35 acres of the 100 acres will probably be a necessary party to the suit.

The fact that the track of the St. Louis & San Francisco Railway Company ran across the land did not make that company a necessary party;

and it was not necessary that the defendant should be in possession of the premises to enable the plaintiffs to maintain a suit against him.

For the error above indicated, we conclude that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 24, 1892.

### ON REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—This suit was instituted by the heirs of John D. Womack, Jr., and of his sister Archie Womack, in trespass to try title and for partition, against appellant, E. L. Dohoney, to recover and partition 825½ acres of land of the S. M. Fulton survey, in Lamar County. From a judgment in favor of plaintiffs below this appeal was taken. There was a trial without a jury, and the record contains conclusions of law and fact and a statement of facts. These we have carefully examined, and conclude that the evidence introduced warranted the conclusions of fact derived therefrom by the trial court; therefore they are adopted as our conclusions of fact. At the last Austin Term of our Supreme Court, by an opinion of the Commission of Appeals, adopted the 24th of May, 1892, the judgment was reversed and the cause remanded for a new trial; but a rehearing was granted. All the questions raised were decided against appellant except the one upon which the judgment was reversed, to-wit, that there was error in excluding from the evidence a deed from Archie Womack to J. W. Wooldridge, which contained the following description of the land conveyed:

"All my right, title, and interest in and to 100 acres of land, to be selected by him, the said John W. Wooldridge, out of any part of a certain tract or parcel of land belonging to me, containing 825 acres, lying in said county of Lamar, north from the city of Paris, on Red River, of the headright of one Fulton."

The ground of exclusion was that the deed was void for uncertainty of description.

We are clearly of opinion that, without overturning a long line of decisions, this deed, being a voluntary as distinguished from a compulsory conveyance, can not be held, from what appears on its face, to be void. Our conclusion therefore is, that the court erred in excluding it on this ground; but whether this error, under the pleadings and proof disclosed by the record, requires a reversal of the judgment, we have found difficulty in deciding.

When this instrument was executed Archie Womack owned only an undivided interest in the land. If, therefore, her deed had described by metes and bounds any specific portion of the 825 acres, it would have been voidable as against her cotenants, but valid and effectual, it seems,

to bind, by estoppel at least, her interest in such specific portion.  Mc-Key v. Welch, 22 Texas, 397, and cases cited; March v. Huyter, 50 Texas, 251, and cases cited.   See also cases cited below from California and Massachusetts.

If appellant had offered the deed as a conveyance of any specific portion of the land in virtue of a selection made, as therein provided, by Wooldridge, or with a view of asserting the right of selection in the partition proceedings, its exclusion at the instance of the other cotenants would not have been material error, especially as there were no pleadings to justify its admission for such purposes.   McKey v. Welch, 22 Texas, 397; Peak v. Brinson, 71 Texas, 310. .

But on the theory that appellant or his vendors waived this alleged right of selection, it seems to us that the deed should have been admitted against those claiming under Archie Womack, as a conveyance of an undivided interest in the land.   We think a proper construction of the instrument gives it the effect of a conveyance of an undivided interest of 100 acres in the share of Archie Womack in the 825 acres tract, with the privilege of selection—whether valid or not—superadded.   We can not distinguish it in principle from the conveyance of an undivided half, third, or other fractional interest, coupled with the privilege of selecting it out of certain specified parts of the land.   We are of opinion that the courts of Massachusetts and California (and doubtless of other States), have announced the correct rule, which may be stated thus:  When a deed conveys a certain number of acres, without describing the land conveyed, to be taken out of a larger tract described, the grantee becomes by his deed a tenant in common, having a fractional interest represented by a fraction whose denominator is a number equal to the number of acres in the larger tract described, and whose numerator is a number equal to the number of acres conveyed.   The grantee acquires such fractional interest in every acre of the larger tract.   Wallace v. Miller, 52 Cal., 655; Lawrence v. Ballow, 37 Cal., 518; Schenk v. Evoy, 24 Cal., 104; Gibbs v. Swift, 12 Cush., 377, 378; Brown v. Bailey, 1 Metc., 254.

In the last case cited, in which a one-fifth interest in a homestead tract of land was devised, to be taken where the devisee should choose, Chief Justice Shaw, delivering the opinion of the court, said:  " These words do not constitute a condition precedent to the vesting of the estate, but a right or privilege superadded to the devise, to be exercised or not, at the will of the devisee, upon partition.   Consequently Mather [devisee] became entitled as tenant in common under the devise upon the decease of his father" [devisor].

We conclude that the deed in question conveyed such interest in the land as should have been disposed of in the partition suit.   It is not believed that this conclusion is necessarily in conflict with Dull v. Blum, 68

Texas, 299, though one or two expressions in the opinion in that case might be construed to announce a different rule.

We adopt the entire opinion heretofore rendered in this case; accordingly, the judgment will be reversed and the cause remanded for further proceedings in accordance with the opinion here announced and adopted.

*Reversed and remanded.*

Delivered November 22, 1892.

Motion for rehearing refused.           .     .          .    .