G. V. Lewis et al. v. William G. Bergess et al.

Decided December 22, 1899.

1. Evidence of Heirship—Declarations.

Declarations by a third person long since deceased, to the effect that the party under whom plaintiffs claim in trespass to try title went to Texas along with him (declarant) in 1836, served in the Texas army, and died there unmarried, are admissible in evidence; but not so those of the mother of such deceased soldier, she being one of his heirs. Following Turner v. Sealock, 21 Texas Civil Appeals, 594.

2. Same—Harmless Error in Admitting.

In a case tried by the court without a jury, error in the admission of evidence is harmless where the facts to which it relates are sufficiently established by other competent testimony.

3. Same—Identity of Name Sufficient.

Where plaintiffs, claiming land as the heirs of W. B., a deceased Texas soldier, offer in evidence a bounty land certificate and patent thereon in his name, with proof of their heirship, they make a prima facie case, and the fact that such certificate and patent issued in the name of W. B. after his death does not devolve upon them the burden of proving that there was not another W. B. to whom the land may have been thus granted.

Appeal from Jefferson.   Tried below before Hon. Stephen P. West.

Tom J. Russell, for appellants.

Wheat & Thompson and James B. Goff, for appellees.

GILL, Associate Justice.—This was a suit in the ordinary form of trespass to try title instituted by appellees, W. G. and R. S. Bergess, against appellants, G. V. Lewis and J. M. Carpenter, for the recovery of 320 acres of land.   Appellants answered by general denial and plea of not guilty.

Upon trial before the court without jury judgment was rendered in favor of appellees in accordance with their prayer, and from such judgment this appeal is prosecuted.

The land certificate under which the land was located and patented was issued in the name of John Bergess, upon a bounty warrant previously issued to him by George W. Poe, paymaster-general, dated December 2, 1836, on account of services in the Texas army from the 17th of September to 17th of December, 1836.   This certificate was issued by Joseph O. Illingsworth, Commissioner of Claims, under the Act of August, 1856, entitled "An act to ascertain the legal claims for money and lands against the State."   Vol. 4, Laws of Texas, p. 432.   Only two witnesses testified, namely, Henry Gilmore and Wm. S. Bergess, one of the appellees.   They testified by deposition.   They each stated that they were residents of the State of Georgia and were living in such State in 1836; that they knew John Bergess personally, and saw him start to Texas in 1836 to take part in the war then in progress between Texas and Mexico; that he was accompanied by Joe Walker and Robert Golden.   Walker was never heard of afterwards, but Golden returned in 1840.   Witnesses both stated that

they heard Golden say upon his return that John Bergess, who went to Texas with him, served in the Texas army with him in 1836, and thereafter, and before Golden left Texas, died unmarried. These witnesses also stated that appellees were the sole heirs of John Bergess, his father and mother and sisters having long since died, leaving no other heirs. Golden was also shown to be dead. Each of these witnesses were permitted to testify, over objection of appellants, that they had heard the mother of John Bergess, deceased, say that John Bergess had died in Texas unmarried, and that it was a tradition in the Bergess family in Dooly County, Georgia, that he had so died.

That the declarations of Golden, he being dead, as to the presence of John Bergess in the Texas army and his decease thereafter in Texas unmarried is admissible, we regard as well settled. He was shown to have been in a position to know of the truth of his declarations. He was shown to have been without interest and without motive to speak any thing but the truth in the premises, and the declarations were made as long ago as 1840, or about that time. Turner v. Sealock, 21 Texas Civ. App., 594; Pimm v. Stewart, 7 Texas, 178.

It is equally well settled, in this State at least, that the declarations of the mother, though shown to have been long since dead, were inadmissible, because made at a time when she was an heir of the party of whose presence in Texas and of whose death she spoke, and were therefore self-serving. Byers v. Wallace, 87 Texas, 503.

Both of these questions were reviewed in the opinion by Chief Justice Garrett in Turner v. Sealock, supra, and we deem it unnecessary to discuss the questions at further length.

The cause having been tried by the court without a jury, we are of opinion that the admission of the mother's declarations was harmless error, the subject matter of such declarations having been fully established by other evidence in all respects admissible. Being thus of the opinion that no material error was committed in the admission of testimony, the assignments of error predicated upon the action of the court in that respect can not be sustained.

This brings us to the more important inquiry as to the sufficiency of the evidence to authorize the finding that appellees are the heirs of the John Bergess for whose services in the armies of Texas the bounty warrant was issued. To the testimony that one John Bergess, the brother of appellees, went to Texas in 1836, served in the army here at that time, and afterwards died unmarried, no opposing proof was offered. That appellees are the sole heirs of that particular John Bergess is alike undisputed. That one so serving was entitled, under the laws then existing, to a bounty warrant for 320 acres of land, is conceded. That such a bounty warrant was in fact issued to one John Bergess in December, 1836, is alike uncontroverted, as is also the fact that the land in controversy was patented in the name of John Bergess in 18—, upon a survey under a land certificate legally issued upon such warrant in 1857. The only fact appearing which is apparently inconsistent with the conclusion contended

for by appellees is that both the certificate and patent were issued to one *John Bergess* long after the brother of appellees is alleged and shown to have died. Upon this fact appellants base their contention that the papers must have been issued to another and different John Bergess living at the date of the certificate and patent, and equally entitled to the bounty of the State.

It is not unusual to find certificates like this, and patents also, issued in the name of the party originally entitled to receive it, and long after the death of such party, and such certificates or patents have been held to inure to the benefit of the heirs or assignees of the party so originally entitled, if such heirship or assignment is properly made to appear. This is true because the department whose duty it was to issue them had no means of finally determining the identity of the assignee or the validity of the assignment, or the death of the party primarily entitled, and the number and identity of his heirs. If a proper assignment of the claim was shown, the patent was issued to the assignee. An assignment from heirs was never acted on, the patent in such case issuing to the heirs generally. If the party was clearly shown to be dead, the document issued to his heirs without undertaking to name them. But the law did require that the services entitling the party to the bounty warrant should be legally shown to have been rendered, and the Commissioner of Claims was required to keep a register, in which, among other things, the name of the person applying for the certificate must be entered. These precautions were adopted largely for the protection of the State, and hence the fact that in this case the certificate and patent bore a date years later than the death of John Bergess should be accorded small weight, especially in the absence of any proof that another and different John Bergess did a like service and was entitled to a like certificate. Had two such bounty warrants issued to separate persons of the same name, the records would have disclosed the fact, or it could have otherwise been made to appear. No effort was made to do this. The appellants contented themselves with the case as made by plaintiffs, and it was not necessary to a prima facie case that appellees make the negative proof that the muster-rolls contained the name of another John Bergess, or that there was no other John Bergess in the State at that time. The facts before set out, taken in connection with the identity of name, was sufficient under the circumstances to require opposing proof of appellants, and none being adduced, the court correctly rendered judgment for appellees. Mortgage Co. v. Bridgman, 21 S. W. Rep., 141.

The action of the court in excluding a certified copy of the record of a deed under which appellants claim is assailed as error. This deed was excluded, (1) because no affidavit of loss of the original had been filed; (2) because by proper motion and legal notice appellees had demanded of appellants an abstract, and no such abstract had been filed. The copy should not have been excluded for the first reason assigned, because appellants offered to prove by a witness the loss of and search for the original. When this is done the affidavit of loss is not necessary. Trimble

v. Edwards, 84 Texas, 497. It was properly excluded upon the second ground. Rev. Stats., arts. 5260, 5262, 5263; Marlin v. Kosinyrosky, 27 S. W. Rep., 1042. The record shows demand, notice, and service by appellees,—the recital in the bill of exception being sufficient for that purpose. No evidence oral or otherwise was offered in connection with the certified copy so excluded.

Finding no reversible error, the judgment is affirmed.

*Affirmed.*