Argued July 23, decided August 20, 1907.

## STATE *v.* CARMODY.*

[91 Pac. 441.]

JUDICIAL NOTICE OF PRECINCT BOUNDARIES.

A precinct being only a subdivision of a county established by the county court, and subject to change biennially, courts will not take judicial

---

*This opinion has never been officially reported. Had it been published according to date of decision, it would have appeared in 49 Or.
—REPORTER.

notice of its location or boundaries, either under Section 720, subd. 8, B. & C. Comp., or under the general rules of law.

From Marion: GEORGE H. BURNETT, Judge.

Henry Carmody appeals from a conviction of violating the local option law.          REVERSED.

For appellant there was a brief and an oral argument by *Mr. William H. Holmes.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. John H. McNary,* District Attorney, *Mr. Charles L. McNary,* and *Mr. Walter E. Keyes,* with an oral argument by *Mr. John H. McNary.*

Opinion by MR. CHIEF JUSTICE BEAN.

The defendant was tried and convicted of selling intoxicating liquor to one Joe Heenan in Horeb Precinct, in Marion County, in violation of an order of the county court prohibiting the sale of such liquor in such precinct, made in pursuance of the provision of the local option law adopted by the people June 6, 1904. The proof tended to show that defendant sold intoxicating liquor to the person named in the information in the town of Gates, Marion County; but there is no proof that Gates is in Horeb Precinct. The court, however, assumed to know judicially that such is the case, and so instructed the jury.

This, we think, was error. "Courts will generally take notice," said Greenleaf, "of whatever ought to be generally known within the limits of their jurisdiction." 1 Greenleaf, Evidence (14 ed.) § 6. They will, therefore, know judicially whatever is established by law (Section 720, B. & C. Comp.), and as a consequence the location of counties, towns, precincts or other local subdivisions, so far as they may be disclosed by public statute (16 Cyc. 859; 17 Am. & Eng. Ency. Law [2 ed.] 911, but not where

such local subdivisions have been created and their boundaries established by some court, board or commission. Thus a court will not judicially notice a county created by county commissioners under a general law (*Buckinghouse* v. *Gregg*, 19 Ind. 401), or a township formed by a board of county commissioners (*Bragg* v. *Board of Commissioners of Rush County*, 34 Ind. 405), or a town incorporated under a general law (*City of Hopkins* v. *Kansas City, St. J. & C. B. R. Co.*, 79 Mo. 98), or that an incorporated town is within a certain township, the boundaries of which were established by the county court: (*Backenstoe* v. *Wabash, St. L. & Pac. Ry. Co.*, 86 Mo. 492). Horeb Precinct is a subdivision of a county set off and established by the county court. Section 2762, B. & C. Comp. Its boundaries are subject to change by that tribunal biennially, and the court cannot take judicial notice of such boundaries at any given time, or that a particular town is within such precinct. These are matters of fact, and, when material, should be proved. Judgment reversed, and new trial ordered.          REVERSED.