# M. E. RUTHERFORD and Another v. THOMAS J. YORKS.[1]

January 20, 1911.

Nos. 16,827—(207).

**Organization of county.**

> An act providing for the organization of Kanabec county by its terms was
> not to take effect until adopted by the electors of Pine county. *Held,* the
> evidence submitted upon the trial did not sustain the finding that the county
> was duly organized thereunder prior to September, 1859.

Action in the district court for Kanabec county to determine adverse claims to certain land. The answer alleged that defendant was the owner in fee of the same. The reply denied the allegations of the answer, and alleged that defendant had failed for more than twenty years to pay taxes on the land, and if he ever had any interest therein he had long since abandoned it; that plaintiffs purchased the land in the year 1900 and have since acquired all the rights of the state in and to the land. The case was tried before Stolberg, J., who made findings and ordered judgment in favor of plaintiff North Star Land Company. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*C. Henningsen,* for appellant.
*Daniel Fish,* for respondents.

SIMPSON, J.

This is an action brought to determine adverse claims to one hundred twenty acres of vacant land in Kanabec county. At one time the territory comprised in Kanabec county was part of Pine county. Plaintiff and defendant each bases his claim to the land upon title derived from Simon P. Snyder, the original patentee. September 1, 1859, Snyder conveyed the land in question to one Gebhart. This deed was recorded in Pine county September 15, 1859. In 1871

[1]Reported in 129 N. W. 386.

Gebhart conveyed to defendant and one Spencer by deed recorded in Kanabec county in 1882. Defendant thereafter acquired Spencer's interest. November 27, 1899, Snyder sold and conveyed the land in question to the plaintiff, and its deed was recorded in Kanabec county December 6, 1900.

Upon the trial of the action two principal questions were raised: (1) Was the record of the deed from Snyder to Gebhart constructive notice to plaintiff of this conveyance? (2) Did the plaintiff purchase the land in good faith, for value, and without notice of the prior conveyance? Upon each of these questions the trial court found adversely to defendant, and determined that the plaintiff is the owner of the land in question. By several assignments of error the correctness of these findings is here for review.

As stated, the earlier deed, under which the defendant claims title, was recorded in Pine county, which county had been organized prior to 1858, and, when organized, included within its limits the land in question. Such record in Pine county gave constructive notice of the contents of this deed, unless Kanabec county was an organized county prior to September, 1859. An act of the territorial legislature, passed March 13, 1858 [Sp. Laws 1858, p. 166, c. 56], established Kanabec county and provided for its organization. After naming and defining the boundaries of the new county—these being the requisite provisions for establishing a county—this act designates the county seat and authorizes the Governor to "appoint three suitable persons who shall constitute a board of county commissioners for said county, who shall hold their offices until the next general election, or until their successors are duly elected and qualified; and the said board of commissioners shall have power to appoint all other officers in and for said county."

A register of deeds was one of the county officers under the then existing law in organized counties, and when this act went into effect it would create the office of register of deeds in Kanabec county, and authorize commissioners appointed by the Governor to name an officer to fill the position. The authority here given is the same as that given in an act organizing Toombs county, and in Thomas v. Hanson, 59 Minn. 274, 61 N. W. 135, it was held that the act not

only established Toombs county, but organized it as well, and thereby created the office of register of deeds. But by the terms of the act providing for the organization of Kanabec county it was not to take effect until its adoption by a majority of the electors of Pine county at the next general election. This distinguishes in an important respect this act from the Toombs county act. The question still remains, therefore, whether the act ever went into effect.

Upon the trial no evidence was offered of any adoption of the act by the electors of Pine county, or of any document issued by the Governor appointing commissioners thereunder, unless the taking of these steps may be inferred from other facts shown at the trial. There was introduced in evidence the minutes of a meeting contained in the minute book of the county commissioners of Kanabec county, showing, together with the transaction of other business, that "the commissioners appointed by the Governor" held a meeting in the township of Brunswick, appointed a chairman of the board of county commissioners, and appointed J. C. Morrison, register of deeds, and directed him to proceed to St. Paul to procure books for his office. The deed and mortgage record books in the office of the register of deeds of Kanabec county were introduced in evidence, showing the first deed recorded therein of date October 3, 1859, and subsequent records of instruments, the dates of such subsequent records not appearing; also the 1861 report of the State Auditor, showing taxable property reported from Kanabec county, together with organized counties of the state.

While the facts shown are consistent with plaintiffs' claim that the act of March 13, 1858, went into effect and was acted upon, and an organization effected thereunder, on the other hand, other public acts wholly failed to recognize such organization. Chapter 87 of the Laws of 1881, Special Session [p. 86] is entitled "An act to provide for the organization of the county of Kanabec." Section 1 provides "that the county of Kanabec as now established by law in this state be, and the same is hereby declared to be, an organized county, with all the rights, privileges and immunities of other organized counties within this state." Other official acts on the part of the executive and legislative departments of the state likewise failed to recognize

or treat Kanabec county as an organized county after the time here involved. We are of opinion that this evidence was not sufficient to sustain the finding of the trial court that Kanabec county was, during or prior to September, 1859, an organized county.

The court can, and does, take notice that Kanabec county is now, and for a long time has been, an organized county of this state. Under what circumstances a court will take notice of the exact time of the organization of a county is a subject on which the authorities differ. Buckinghouse v. Gregg, 19 Ind. 401; Trimble v. Edwards, 84 Tex. 497, 19 S. W. 772. But in this case, under any rule, the court cannot take notice that the time of the organization of Kanabec county was prior to September, 1859, for our attention is called to no record or source of information, beyond the evidence offered, showing such to be the fact.

Unless the existence of Kanabec county as an organized county de jure at the time in question is established by evidence, the proof fails. There is clearly no organization or existence as a de facto county shown prior to or during September, 1859. A single partial exercise of corporate function does not create a de facto county. Further, it does not appear that at this time Pine county had ceased to exercise its corporate functions within the territory comprised in Kanabec county, or that the customary and generally recognized place for recording conveyances of land situated in Kanabec county was not in the register of deeds' office in and for Pine county.

As a new trial must be directed upon the grounds discussed, it is unnecessary to consider the questions raised by the other assignments of error.

Order reversed.

JAGGARD, J., took no part.