**BURRESS v. BYRD et al.**
No. 4443.

Court of Civil Appeals of Texas. Texarkana.
Feb. 9, 1934.

Rehearing Denied March 8, 1934.

530

Carrigan, King & Surles, of Longview, for appellant.

C. R. Crum, M. S. Church, and Prentice Wilson, all of Dallas, for appellees.

LEVY, Justice (after stating the case as above).

The point presented for decision on the appeal is that there was error "in rendering judgment non obstante veredicto, and in failing to render judgment for the plaintiff in accordance with the findings of the jury." It is believed in the circumstances of the case the disregarding of the verdict and entering a judgment against the plaintiff may not be deemed required, either because the facts found by the jury were immaterial, or because the plaintiffs as a matter of pure law was not entitled to a judgment. There was a finding by the jury that: (1) The true agreement concluded by the parties was that W. M. Burress was to have and pay for substantially an undivided 20-acre mineral interest in the estate purchased from the Bacles; and (2) that it was intended to have the conveyance to W. M. Burress grant an interest accurately described in the actual

acreage acquired by W. H. Byrd from the Bacles; and (3) that field notes as set out in the deed to W. M. Burress calling for 310 acres instead of 151 acres was inserted in the instrument through mistake. There is not the absence of any evidence to support the findings of the jury. It is quite affirmatively shown by evidence in behalf of appellant that it was agreed by the parties that W. M. Burress was to "cut in" or have and pay for an interest in the grant purchased from the Bacles to the value of $400 at $20 per acre, which amounted to an undivided 19.37-acre interest, or, as treated by the parties, substantially a 20-acre interest. And there is affirmative evidence in behalf of the appellant going to show that it was agreed by the parties that the grant to W. M. Burress of an interest should be a particular portion of the actual acreage acquired by D. H. Byrd from the Bacles. It is conclusively shown that the actual acreage owned and sold by the Bacles to D. H. Byrd, as respects the second tract in evidence, was 151 acres, and not 230 acres.

The acreage of 19.37 acres or substantially a 20-acre interest was, as appears, by mere computation, taken and deemed by the parties to constitute substantially the fractional part of $\frac{1}{16}$ of 310 acres, or $\frac{1}{8}$ of about 151 acres, plus. It may therefore be taken as established what the parties agreed to and understood the agreement to be, and that they both acted upon it, and undertook to make such conveyance as would make the agreement effective. It is evident, in view of the proof, that the deed made to appellant, prepared to carry out the purpose the parties had in mind and which was supposed they were making effective, was not effective to carry out the oral agreement. The description was not correct as to fractional part mentioned or quantity of acreage named in the second tract. There is manifest error therein, as relates to the second tract, of description, embracing an acreage of 230 acres, when less than that quantity was contracted for and purchased by D. H. Byrd. The particular description, although correctly described in other respects, is incomplete and erroneous in not excepting the lands previously sold. In order to adjust the misdescription to the actual conditions of fact is the real purpose of this suit. If the deed prepared is not effective to carry out the purpose the parties had in mind and which they supposed they were making effective, it should be corrected. The insertion of the exception in the conveyance would not defeat the real agreement of the parties, or make a new agreement of the parties, and could be effected without injustice to appellees. The general doctrine is firmly settled that a court of equity will grant affirmative relief as may be required by the circumstances from the consequences of any mistake of fact which is a material element of the transaction.

A "mistake," as defined, is "some unintentional act or omission or error arising from ignorance, surprise, imposition or misplaced confidence." 1 Story Eq. Jur. (14 Ed.) § 155, p. 146; Bishop Eq. § 185. See 2 Pomeroy Eq. Jur. (14 Ed.) 839, p. 1706.

The copying into an instrument of a merely incomplete description of the property as to quantity of land contracted for and purchased may, as between the parties, be treated as a mistake; the mistake being innocent and shared by both parties. The description written in the deed was taken from another deed and without observing or in oversight of the other portion containing the exception in evidence of other lands previously sold. It is not at all made to appear that the real mistake was intended or observed at the very time of writing the description in the deed, or was intentionally done or suffered by one or both of the parties to the transaction. The appellees were not prevented any inspection of the deed to discover the error therein of omission of the exception. The real mistake was not discovered by any one of the parties before execution and delivery of the deed, and the evidence is direct that the appellant appealed to appellee for correction as soon as he in fact learned of the erroneous and incomplete description.

The judgment is reversed, and, in keeping with the verdict of the jury, judgment is here rendered in favor of the appellant as prayed for. Costs of appeal and the trial court are taxed against appellees.