## FOLLENDORE *et al. v.* FOLLENDORE.

110  359
124  726

1. A deed purporting to convey " a certain parcel of land lying and be-
   ing in " a designated county of this State, known as the grantor's
   " own residence, which include six hundred acres," is not void for
   uncertainty in the matter of description, and is admissible in evi-
   dence without proof of execution, as against defendants who in their
   answer to the plaintiff's petition admit the execution of this deed and
   that it was intended to convey to the latter the premises in contro-
   versy in the litigation to which such petition and answer relate,— the
   more especially when the deed is apparently genuine, more than
   thirty years old, and comes from the proper custody.
2. Parol evidence is admissible to explain ambiguous descriptive terms
   in a written instrument and to apply the same to their subject-matter.
3. The evidence fully warranted the verdict, and it does not appear that
   the court erred in denying a new trial.

Argued March 6, — Decided April 5, 1900.

Equitable petition.    Before Judge Felton.    Bibb superior
court.    April term, 1899.

*M. G. Bayne,* for plaintiffs in error.
*Kibbee & Crump,* contra.

LUMPKIN, P. J.    Mrs. Emily Follendore filed in the superior
court of Bibb county an equitable petition against Charles Fol-
lendore and seven other persons, all of the defendants being the
children of the plaintiff and her deceased husband, Joseph Fol-
lendore.    The petition alleged that the plaintiff was the owner
in her own right of certain described lands which had been con-

veyed to her by her husband on the 21st day of September, 1865; that subsequently, to wit on March 8, 1869, the decedent executed another deed purporting to convey to the plaintiff a life-estate in the lands in question, with remainder to the defendants; but that this deed, though recorded, had never in fact been delivered to her, and she had never accepted the same. The petition further alleged that the defendants were claiming under this last-mentioned instrument as remaindermen, and were using the same "for the purpose of annoying your petitioner and to prevent her from the peaceable enjoyment of said property." The prayer of the petition was that the deed executed on March 8, 1869, be delivered up and canceled as a cloud upon the plaintiff's title. Some of the defendants answered, disclaiming any interest in or title to the property in dispute. In an answer filed by others of them, they set up that the deed executed in 1865 was void because signed under duress, and that the deed of 1869 was delivered to and accepted by the plaintiff, she well knowing that the other deed was void and of no effect. This answer contained an admission that the deed of 1865 was intended to cover the property in controversy. By amendment, these defendants further attacked the deed last mentioned as void for uncertainty, in that it failed to describe with sufficient particularity the land thereby sought to be conveyed, and therefore was inoperative to pass title to the premises in dispute. A trial was had, resulting in a verdict for the plaintiff. The contesting defendants moved for a new trial, and bring here for review a judgment overruling their motion. We will now dispose of the points therein made.

1. The plaintiff tendered in evidence the deed of 1865, which was dated September 21, and recorded October 30, of that year. It was headed, "Georgia, Bibb County," and purported to have been signed by Joseph Follendore and to convey to the plaintiff in fee simple "a certain parcel of land lying and being in the County and State above mentioned, which is known by my own residence, which include six hundred acres." This deed contained a clause of warranty, and recited that the land therein described was to be held by Mrs. Follendore "as her separate property, not in any wise subject to any debt, contract, or lia-

bility" of the grantor.   This instrument purported to have been "signed, sealed, and delivered in presence of " W. S. Honeycutt and Jessie Cobb, and under the attesting clause was an affidavit by Honeycutt deposing that " he witnessed Joseph Follendore sign his name to the foregoing instrument."   The introduction of the deed in evidence was objected to on the grounds that " the description of the property intended to be conveyed was not sufficient to convey title; that the said deed is not properly executed, and not shown to be delivered by the probate on the same."   The description in this deed was certainly ambiguous, but this fact did not render the instrument void as a muniment of title.   *Mohr* v. *Dillon,* 80 *Ga.* 572.   Vague as it was, the description showed at least that the land was situated in Bibb county, that it contained 600 acres, and that it was the home place of the grantor.   Moreover, the defendants admitted in their answer the execution of this identical deed, and that it was intended to convey the very property now in litigation. This admission necessarily dispensed with proof of execution, and it follows that whether the affidavit for probate was sufficient to admit the deed to record was entirely immaterial. It may be further pertinently observed that the deed was admissible as an ancient document, it being apparently genuine, more than thirty years old and coming from the proper custody.   Civil Code, § 3610.

2. Complaint is made of a charge of the court, whereby the jury were instructed, in substance, that it was for them to determine whether certain parol evidence introduced by the plaintiff was sufficient to identify the land in dispute with that which Follendore intended to convey to his wife in 1865.   There was no error in this charge, for the rule that parol evidence is admissible to apply descriptive terms in a writing to their subject-matter is too well settled to be called in question; and, of course, the sufficiency of evidence offered for such a purpose is a matter for determination by a jury.   Certainly, leaving this question to the jury in the present case affords the plaintiffs in error no cause of complaint, for their solemn admission in judicio concluded them upon the very issue which the judge left open for the jury to pass upon.   The fact that in their amended

answer the defendants raised the question whether, as matter of law, the deed was void for insufficiency in the description of the land thereby sought to be conveyed did not, of course, do away with the effect of the admission made in their original answer that it was the intention of the grantor to convey to his wife the premises in dispute.

3. On the merits of the case, suffice it to say that the evidence fully warranted a finding that the deed of 1865 was freely and voluntarily executed and delivered to Mrs. Follendore, and that the deed of 1869 was never delivered to or accepted by her. That the latter deed was recorded afforded only presumptive evidence of delivery, and this presumption was overcome by positive testimony to the contrary. The effect of the deed of 1865 was to create a trust in favor of Mrs. Follendore, notwithstanding it was made to her directly without naming a trustee. *McQueen* v. *Fletcher*, 77 *Ga.* 444. This trust became executed by the married woman's act of 1866. Civil Code, § 2474.

*Judgment affirmed.    All the Justices concurring.*