REEVES *v.* WHITTLE *et al.*

No. 7421. April 17, 1930.

*Darsey & Darsey, George H. Miller,* and *Lawton Nalley,* for plaintiff.

*W. M. Dallas, James R. Davis, Nottingham & Nottingham,* and *J. H. McGehee Jr.,* for defendants.

Hines, J. T. J. Reeves filed his petition in the superior court of Upson County against J. C. Whittle, W. A. Whittle, Jesse Elliott, Mrs. Leila Bush, and Mrs. E. T. Nottingham, to enjoin J. C. Whittle and Jesse Elliott from cutting and removing the timber from a tract of land owned by him and described as "all that tract or parcel of land, being parts of land lots No. 194 and No. 195 in the sixteenth land district of Upson County, Georgia, and known as the Spivey place, and bounded as follows: on the north and east by lands of the Davis Dawson estate, on the south by lands of the estate of Mrs. A. M. Zorn, and on the west by lands of the Flint River Manufacturing Company and the waters of Tobler Creek; . . the same containing three hundred acres, more or less, as evidenced by a deed from Mrs. Nannie A. Alford to" petitioner, "dated October 24, 1917, . . and recorded on October 25" of that year, which describes the land conveyed as above, and recites that the land conveyed by it was sold by the tract and not by the acre. In this suit petitioner seeks to have the southern boundary of the above-described tract of land, being the boundary between his tract and lands owned by Mrs. Nottingham, Mrs. Bush, and W. A. Whittle, set up and established. He further alleges that the dividing line between his tract of land and the lands claimed by said above-named defendants, which lie south of his tract, begins "at a rock corner on the public road from Hottenville

to Thomaston, between the J. C. Zorn Jr. residence and Old Harmony Grove Cemetery, and" runs "from said rock corner west by the Old Harmony Spring to Tobler Creek." He attaches to his petition an abstract of his title to the land involved in this litigation. The first link in this abstract is a deed from Mrs. A. M. Zorn to E. T. Nottingham, dated September 30, 1904, which conveys parts of lots 194, 195, 200, 201, 202, 217, 218, and 219 in the 16th district of said county, containing 950 acres, more or less, and bounded on the east by the public road leading from Hootenville to Thomaston, on the north by the land of E. A. Flewellen, known as the Spivey place, and lands of E. T. Nottingham, on the west by Tobler Creek and the land of E. T. Nottingham, and on the south by a line beginning at a rock corner on the above-named public road between the residence of J. C. Zorn Sr. and the Old Harmony Cemetery, and running from said rock corner west by the Old Harmony Spring to Tobler Creek, said line dividing other lands of Mrs. Zorn from the land therein conveyed. The second link in said abstract of title is a deed from Allen, trustee in bankruptcy of E. T. Nottingham, to E. A. Flewellen, dated December 20, 1901, which conveys the following described lands: "parts of lots 194, 195 in the 16th district of Upson County, Georgia, known as the Spivey place, and bounded as follows: on the west by lands of Flint River Mfg. Co. and Tobler Creek, on the north and east by Davis Dawson estate, and on the south by lands of Mrs. A. M. Zorn. This land sold by the tract, and not by the acre." This deed conveys other property besides the above. The third link in said abstract is a deed from the executors of the estate of E. A. Flewellen to T. M. Matthews and Charles F. Stephens, dated December 6, 1913, conveying "parts of lots 194 and 195 in the 16th district of Upson County, Georgia, and known as the Spivey place, and bounded" on the "north and east by the Davis Dawson estate, south by lands of Mrs. A. M. Zorn, west by lands of Flint River Mfg. Co. and the waters of Tobler Creek. The fourth link in petitioner's chain of title is a deed from Matthews and Stephens to Nannie A. Alford, dated August 16, 1916, which conveys the same land with the same boundaries as that described in the last link of said abstract. This deed recites that it conveys a part of the land conveyed as above by the trustee in bankruptcy of Nottingham to Flewellen, and further recites that the land therein is described in the above deed from

the executors of Flewellen to Matthews and Stephens. The fifth link in said abstract is the deed from Mrs. Nannie A. Alford to petitioner, the terms of which are set out above.

On a former trial of this case a verdict was returned in favor of the plaintiff. A motion for new trial was made by the defendants, which was overruled by the trial judge; and to this judgment they excepted. This court reversed that judgment, for the reason that the testimony was insufficient to identify or locate the land line in controversy, as described in the petition. *Whittle* v. *Reeves*, 166 *Ga.* 248 (142 S. E. 869). On the second trial the plaintiff amended his petition by alleging that said southern boundary line "begins at a point on Highway No. 3, 570 feet south of the Walker Grave lot in Harmony Grove Cemetery, and" runs "in a westerly direction by Harmony Spring in a straight line to Tobler Creek;" that this line begins at the southwest corner of the Spivey place, where it crosses a certain hedgerow on the west side of said place about 150 yards west of the old William Prater house, of which only an old standing chimney now remains, there being a certain post-oak tree standing on said hedgerow where said line crosses the same, this tree marking the southwest corner of the Spivey place; and that said line is the same line described in paragraph 2 of his original petition. Plaintiff offered a further amendment in which he "alleges that the southern boundary of the lands conveyed to him by Mrs. . . Alford, known as the Spivey place, extends down into lots 200 and 201." On objection of counsel for the defendants the court disallowed said amendment, for the reason that the description of plaintiff's land in his petition and in the copy of his deed attached thereto is at variance with said amendment. To the disallowance of this amendment the plaintiff excepts in the present writ of error. The case proceeded to trial under the pleadings hereinbefore set forth, and under a stipulation in writing between the parties that "Without the introduction of testimony it is agreed and admitted by the parties that in order for the plaintiff to recover it is necessary to show that what is commonly known as the Spivey place extends down into a portion of land lots 200 and 201, and that the line described in the original petition and amendments and the amendment disallowed thereto as the southern boundary line of the Spivey place lies in land lots 200 and 201." Thereupon defendants moved the court to dismiss or nonsuit the case, for the

reason that the petition and the amendments thereto and the deed under which the plaintiff claims title to the Spivey place show that no part of the Spivey place is included in lots other than lots 194 and 195; and·that for this reason plaintiff can not go outside of those lots to establish the southern boundary of the Spivey place as contended for by him. The court sustained said motion, and the plaintiff excepted upon the ground that this judgment was contrary to law.

Does the deed from Mrs. Nannie A. Alford to petitioner embrace any parts of land lots Nos. 200 and 201 in the 16th district of said county? It is insisted by counsel for the defendants that this deed contains two descriptions of the land conveyed, one general and the other particular, and that its construction falls within the rule that if there are such two descriptions, and if there is any repugnance between the two, the particular description will prevail over the general description. *Shackelford* v. *Orris,* 129 *Ga.* 791 (59 S. E. 772) ; *Osteen* v. *Wynn,* 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212). The language, "parts of land lots No. 194 and No. 195," does not contain a particular description of the tract of land conveyed. In fact it is so vague and indefinite as, standing alone, not to constitute any description whatever. *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655) ; *Estes* v. *Winn,* 136 *Ga.* 344 (71 S. E. 470) ; *Clayton* v. *Newberry,* 138 *Ga.* 735 (76 S. E. 63). To constitute a particular description there must have been a definite description of the parts of the lots conveyed. In that case there would be a particular description, and the language, "known as the Spivey place," would have constituted a general description. In such a case the above rule of construction would apply. But in this case the conveyance is of a tract or parcel of land, being parts of two named lots, and "known as the Spivey place." The language, "being parts of land lots No. 194 and No. 195 in the sixteenth land district of Upson County, Georgia," constitutes but part of the description, and such description standing alone, as we have seen, would amount to no description. The language, "known as the Spivey Place," if it stood alone, would constitute in and of itself a general description. This deed in fact, however, contains but one description, consisting of several particulars. One of these particulars is that the instrument conveys a tract of land. Another is that this tract consists of parts of land lots 194 and 195 in the

16th district of said county. The third particular is that this tract is known as the Spivey place. This being so, the rule that in case of a repugnance between a particular description and the general description, the former prevails, is not applicable in this case. Besides, there is no repugnance between the several particulars of the description of the tract of land conveyed by this deed. In describing the tract of land the language, "being parts of land lots No. 194 and No. 195," is not repugnant to the language, "known as the Spivey place." We must then deal with the description of the land conveyed as if it contained but one description consisting of several particulars. It must be born in mind that when land has a descriptive name it may be conveyed by that name. *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200, Ann. Cas. 1916C, 173). It must be further borne in mind that extrinsic evidence is admissible to apply the description to the subject-matter. *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949) ; *Bunger* v. *Grimm,* supra.

Furthermore, in construing this instrument we must give effect to every part of the description, if practicable. *Harris* v. *Hull,* 70 *Ga.* 831. This deed purports to convey a tract of land which is made up of parts of land lots Nos. 194 and 195 in the 16th land district of said county, and known as the Spivey place. By the very terms of the deed the tract of land conveyed is made up of parts of the two land lots named, and is "known as the Spivey place." Giving effect to every particular of the description, it can not be held that the tract conveyed is made up of parts of land lots Nos. 194 and 195, and parts of land lots Nos. 200 and 201, in the same land district. This construction is borne out by the language embraced in the deeds set out in the abstract of title which petitioner attaches to his petition. The deed from the trustee in bankruptcy of Nottingham to Flewellen, dated December 20, 1901, and being link 2 in this abstract, conveys "parts of lots 194, 195 in the 16th district of Upson County, Georgia, known as the Spivey place," and gives as the southern boundary of the land conveyed the lands of Mrs. A. M. Zorn. By the deed from Mrs. A. M. Zorn executed in 1904, and being the first link in this abstract, she conveyed to E. T. Nottingham parts of 8 lots of land in said district, containing approximately 950 acres. Among these lots are lots 200 and 201 in the 16th district of said county. These two lots lie directly south of lots 194 and 195. This deed recites that the

lands conveyed are bounded on the north by lands of E. A. Flewellen, known as the Spivey place. This conveyance necessarily makes the southern boundary of the Spivey place the northern boundary of the lands thereby conveyed to Nottingham. Petitioner does not trace his title back to any person who owned land lots 200 and 201 or any parts thereof. As it appears from this deed in this link of the abstract that Mrs. Zorn owned and conveyed parts of land lots 200 and 201, these parts must have been the northern parts of said lots, else they could not constitute the southern boundary of lots 194 and 195. In these circumstances the deed from said trustee to Flewellen, under which the plaintiff claims, did not convey any parts of lots 200 and 201 in said district. This construction gives effect to every particular contained in the description in the deed under which petitioner claims.

So we are of the opinion that the true construction of the deed under which plaintiff claims is that the Spivey place thereby conveyed consists of parts of land lots 194 and 195 in the 16th district of Upson County; and such deed does not purport to convey any parts of land lots 200 and 201 in said land district. It follows from this ruling that the court did not err in disallowing the amendment to the petition, in which the plaintiff set up that the Spivey place embraced portions of land lots 200 and 201, there being no allegation in the petition that the boundary line between his tract and those of the defendants had been in any way changed, by agreement or by acquiescence of the coterminous proprietors, since the execution of the deed from the trustee in bankruptcy of Nottingham to Flewellen. It likewise follows from what we have said that the court did not err in nonsuiting or dismissing the plaintiff's petition under the stipulation of the parties that before the plaintiff could recover in this case he must be entitled to recover part of land lots 200 and 201 in said land district.

*Judgment affirmed. All the Justices concur.*