25027. BROWN v. MITCHELL et al.

ARGUED JANUARY 13, 1969—DECIDED FEBRUARY 6, 1969.

*Joseph L. Abraham,* for appellant.

*James R. Dollar, Jr.,* for appellees.

GRICE, Justice. This appeal is from the denial of a vendor's motion to dismiss the purchasers' complaint which sought specific performance of a contract for the sale of land. The complaint, filed in the Superior Court of Douglas County by Raymond C. Mitchell and William M. Greenwood, against O. H. Brown, alleged insofar as essential here the following.

The parties entered into an agreement, copy attached, for the sale of land. Thereafter, the purchasers advised the vendor that they were ready to close the sale in accordance with the contract, but the vendor advised the purchasers that he would not convey the land described and would not comply with the contract. The contract is in writing, signed by all the parties, certain and fair, for adequate consideration, and capable of being performed. The land involved is so situated as to be impossible to duplicate, and damages recoverable at law would not be adequate compensation for the nonperformance of the contract by the vendor. No tender is required in view of the vendor's stated refusal to convey or comply with the contract. The purchasers offer to pay the purchase price and to execute such documents as may be necessary to comply with the terms of the contract. Prayers included that the vendor be required to specifically perform the contract, and other relief not necessary to recite.

The motion to dismiss, insofar as relevant here, asserted that the complaint failed to state a claim against the vendor upon which relief could be granted.

The appeal is from the denial of this motion, which the trial judge certified for immediate review.

In support of his motion to dismiss, the vendor contends that the complaint shows that the contract is too indefinite for enforcement in several stated particulars, that it fails to allege a tender or excuse thereof, and that it also shows that the contract is unenforceable as unfair, unjust, and against good conscience.

Under our view of the case, it is necessary only to deal with the enumeration of error which urges that the description of the land is too indefinite for enforcement of the contract.

The description is: ". . . all that tract of land lying and being in Land Lot 66 of the 2nd District and 5th Section of Douglas County, Georgia, and being more particularly described as follows: Being the north 100 acres, more or less of the said Land Lot and which 100 acres will be more fully described in a plat of survey which is to be made at the expense of the purchaser herein."

It is axiomatic that "Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject matter of the alleged sale is clearly identified in the contract. [Citations.]" *Estes v. Winn*, 136 Ga. 344 (71 SE 470).

The description here is patently insufficient to identify the particular land referred to in the sales contract. It is impossible to determine the location, the shape, or the amount of acreage of the tract sought to be sold. For similar insufficient description, see *Bennett v. Rewis*, 212 Ga. 800, 802 (96 SE2d 257).

This insufficiency is not cured by the recital as to the "plat of survey which is to be made. . ." A survey to be made in the future does not provide a key by which the land may be identified. *Laurens County Bd. of Educ. v. Stanley*, 187 Ga. 389 (200 SE 294) (one Justice dissenting).

For the foregoing reason, the denial of the motion to dismiss was error.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*