27700. PENTA INVESTMENTS, INC. v. ROBERTSON.

ARGUED FEBRUARY 13, 1973 — DECIDED APRIL 13, 1973.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellant.

*Stark, Stark & Henderson, Homer M. Stark,* for appellee.

GRICE, Presiding Justice. Penta Investments, Inc. as trustee of the Gilcor Enterprises Employment Profit Sharing Plan, filed a complaint in two counts in the Superior Court of Gwinnett County against Horace Robertson, as the owner of certain described real

property situated in that county.

Count 1 sought specific performance of a contract for the sale of land to the appellant, and also asked for damages for failure to timely perform the contract, a copy of which was attached to the complaint. Count 2 was a claim in the alternative to recover losses and expenses alleged to have arisen due to the appellee's breach of the contract.

The appellee filed an answer containing a motion to dismiss both counts of the complaint upon the ground that the complaint failed to set forth a cause of action upon which the relief sought could be granted, and also filed a motion for summary judgment.

After hearing argument of counsel and considering briefs for both parties, the trial court granted the appellee's motion to dismiss. It was held that the contract was not sufficient to support a cause of action or to be specifically performed because the description of the land was insufficient and did not furnish a key with which it could be made definite, and because the terms of the contract were not sufficiently definite to authorize a court to order specific performance. The appeal is from this judgment.

1. The description of the property in question here is as follows: "All that tract of land lying and being north of New Hope Road and being referred to as Tract 1, Land Lot 231 in the 5th District of Gwinnett County, Georgia and consisting of approximately 126.5 acres. This tract is actually shown as 142 acres, plus or minus, and is contained in Land Lots 217, 218 and 232 as well as Land Lot 231. This purchase, however, does not include any of that tract south of New Hope Road. This land is further identified as the Horace Robertson tract." In our view, this description is sufficient.

"Many instruments fall short of the ideal, but are sustainable with the help of parol evidence, where they contain enough to furnish a key by which the land can be

located with the aid of extrinsic evidence." Pindar, Georgia Real Estate Law, 469, § 13-54.

The record here shows that Horace Robertson owned a tract containing approximately 142 acres, and that he contracted to sell to the appellant all of it except for a portion lying south of New Hope Road. However, since at the time the parties entered into the contract no survey had been made to determine the exact number of acres in the portion lying north of New Hope Road, they estimated that portion at "approximately 126.5 acres," and agreed that the appellant would furnish a survey within 30 days of the signing of the contract to determine the exact number of acres to be sold. As evidenced by the title report attached to the complaint, the deed records of Gwinnett County did not contain a proper legal description of the property prior to the survey, so the property was identified as "the Horace Robertson tract" in addition to giving the tract number, land lots, district and county.

That this description was an adequate key is demonstrated by the fact that both the title attorney and the surveyor were able to identify the property to be sold therefrom. Therefore, under decisions of this court exemplified by *Swint v. Swint,* 147 Ga. 467 (3) (94 SE 571) and *Price v. Gross,* 148 Ga. 137 (1) (99 SE 4), the description here is sufficient.

Accordingly, the trial judge erred in holding that the description of the land was insufficient.

2. The trial court held that since the terms of the contract here were too indefinite and it did not provide for giving a note or notes for deferred payments, or for security in behalf of the appellee Robertson, it would be inequitable to require him to convey his property without being fully paid therefor or amply secured for the balance of the purchase price.

In our view, however, a reasonable construction of the contract reveals that the terms were sufficiently definite

to be specifically performed.

Paragraph 2 recites that "The purchase price for the property shall be $750 per acre, which shall be paid by the Purchaser to Seller as follows: 20% of total purchase price will be paid in cash at the date of closing, with the balance paid in fifteen equal installments at a simple interest rate of 7%. Purchaser retains prepayment privileges at any time without penalty to Purchaser."

The survey determined that there were 136.8 acres in the tract north of New Hope Road, 10.3 acres more than was estimated, so the total purchase price is computable by multiplying 136.8 acres by $750. And since the number of annual payments is specified, the amount of each payment is also determinable through simple mathematics. Thus all the required details as to price, method, rate and amount of payments are present.

In Paragraph 5 it is stated that "The liability of maker on this instrument is limited to the land for which a purchase money security deed will be given as security for this debt and payee shall look solely to the land as security herefor . . ."

It is clear from the above that the parties agreed that there would be a purchase money security deed executed in behalf of the seller, making the land itself security for the balance of the unpaid indebtedness, rather than a promissory note making the purchaser individually liable for the purchase price.

Moreover, the cases cited by the appellee and relied upon by the trial court are no longer applicable in light of our recent ruling in *Chewning v. Brand,* 230 Ga. 255, that "this court erred in holding that a provision in a contract for deferred payments, without a provision for security to the seller, makes a contract inequitable, unjust and unenforceable under Code § 37-805. The particular circumstances of the case would determine whether such a contract is fair and just to both parties. We therefore expressly disapprove the third division of

*Morris v. Yates,* 226 Ga. 43 [172 SE2d 428]."

It follows that the complaint was erroneously dismissed.

*Judgment reversed. All the Justices concur.*