**Randall Dean OGILVIE, Trustee, et al., Appellants,**

v.

**Bill HILL, Appellee.**

No. 8559.

Court of Civil Appeals of Texas, Texarkana.

March 7, 1978.

Rehearing Denied March 28, 1978.

Stephen B. Early, Longview, for appellants.

Earl Sharp, Sharp, Ward & Ross, Longview, for appellee.

CORNELIUS, Chief Justice.

Appellee Hill, as seller, entered into a contract of sale with Appellant Ogilvie, Trustee,[1] as buyer, which provided for the sale of 21.37 acres of land in Gregg County, Texas. Some six months later, appellee filed suit against Ogilvie and his trust beneficiaries seeking a cancellation of the contract on the grounds that the property description was insufficient to comply with the statute of frauds,[2] and that a certain condition relating to the construction of a road had not been fulfilled. After several amendments of the pleadings had been filed and certain discovery was accomplished, both appellants and appellee moved for summary judgment. On May 10, 1977, based upon its conclusion that the contract of sale did not comply with the statute of frauds because the property description was insufficient, the district court rendered summary judgment cancelling it.

Appellants urge that the property description was sufficient, and even if not sufficient, summary judgment should not have been granted because they were entitled to a trial on their plea for reformation of the contract.

1. Ogilvie was trustee for John Franklin O'Dell and Jerry Clark under the terms of a certain trust indenture.

2. Tex.Bus. & Comm.Code Ann. Sec. 26.01.

The contract of sale described the property as follows:

"A certain 21.37 acre tract to be determined by actual survey and resulting in metes and bounds description to follow; said 21.37 acre tract being a part of the Will Davis 151.0 acre tract in the Robert H. Foote Survey, Gregg County, Texas."

Field notes were neither attached to nor included in the contract.

■ For a conveyance or contract of sale to meet the requirements of the statute of frauds, it must, insofar as the property description is concerned, furnish within itself or by reference to other identified writings then in existence, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945); 5 F. Lange, Texas Land Titles Sec. 762, at 154 (1961); 26 Tex.Jur.2d, Frauds, Statute of, Sec. 95, p. 252. The rule is easy of statement but difficult of application. There is considerable disparity among the decisions of our courts on the question, and it is difficult if not impossible to reconcile all of the cases, but the better and more recently accepted view is that a land description such as the one involved here, standing alone, is insufficient to comply with our statute of frauds. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); *Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980 (1948); *Greer v. Greer,* 144 Tex. 528, 191 S.W.2d 848 (1946); *Smith v. Sorelle,* 126 Tex. 353, 87 S.W.2d 703 (1935); *Pfeiffer v. Lindsay,* 66 Tex. 123, 1 S.W. 264 (1886); *Norris v. Hunt,* 51 Tex. 609 (1879); *Brown v. Mitchell,* 225 Ga. 115, 166 S.E.2d 571 (1969); *Laurens County Board of Education v. Stanley,* 187 Ga. 389, 200 S.E. 294 (1938). It fails to furnish within itself, or by reference to other identified writings, the means whereby the land may be specifically located, and it does not fall within the recognized exception which allows a purchaser of an undescribed portion of the seller's larger described tract to select and locate the portion so conveyed. See *Turner v. Hunt,* 131 Tex. 492, 116 S.W.2d 688 (1938); *Dohoney v. Womack,* 1 Tex.Civ.App. 354, 19 S.W. 883 (1892); *Nye v. Moody,* 70 Tex. 434, 8 S.W.

606 (1888); *Dull v. Blum,* 68 Tex. 299, 4 S.W. 489 (1887); and cases discussed in Annot., 117 A.L.R. 1086. In testing the sufficiency of the description here we have considered the contract as a whole, including the references contained in the hereinafter quoted provision concerning construction of a road. Neither can the description be deemed adequate under the rule that a reference to the ownership of the tract being conveyed may render the description sufficiently definite to comply with the statute of frauds. Although the summary judgment proof showed that the land referred to in the contract of sale was owned by appellee and was the only tract he owned in the Robert H. Foote Survey, that alone is not sufficient to bring this case within the rule. A reference to ownership must be contained in the writing itself. *Kmiec v. Reagan,* 556 S.W.2d 567 (Tex.1977); *Broaddus v. Grout,* 152 Tex. 398, 258 S.W.2d 308 (1953); *Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222 (1949); *Wilson v. Fisher, supra;* 5 F. Lange, Texas Land Titles Sec. 762, at 159 (1961). In the contract involved here there is no reference to the ownership of the tract being conveyed, and it cannot be inferred, from the mere fact that appellee signed a contract of sale, that he was the owner of the land described. *Wilson v. Fisher, supra; Starkey v. Texas Farm Mortgage Co.,* 45 S.W.2d 999 (Tex.Civ.App. Waco 1932, writ ref'd).

■ Nevertheless, in the posture of this case at the time of its disposition in the trial court, summary judgment cancelling the contract was not proper. When the minds of the buyer and seller meet as to the identity of the specific tract of land which is the subject of their contract, but by mutual mistake they misdescribe it or omit a correct description thereof, the contract may be reformed to correct the error or to supply the omission. 49 Tex.Jur.2d, Reformation of Instruments, Sec. 22, pp. 622, 623; compare *National Resort Communities, Inc. v. Cain,* 526 S.W.2d 510 (Tex.1975), and see also *Gilbert v. Smith,* 49 S.W.2d 702 (Tex. Comm.App.1932, judgmt. adopted), and *Burress v. Byrd,* 69 S.W.2d 529 (Tex.Civ.

App. Texarkana 1934, writ dism'd). And the mutual mistake which will warrant such reformation may be either that the parties mistakenly believed the description in the contract was legally sufficient, *Morrow v. Shotwell,* supra; *Foster v. Bullard,* 496 S.W.2d 724 (Tex.Civ.App. Austin 1973, writ ref'd n.r.e.), or that field notes were intended to be, but were not, attached to the contract either at or after its signing. *Shotwell v. Morrow,* 498 S.W.2d 432 (Tex. Civ.App. Eastland 1973, writ ref'd n.r.e.); compare *Foster v. Lessing,* 346 S.W.2d 939 (Tex.Civ.App. Waco 1961, writ ref'd n.r.e.), and *Norton v. Conner,* 14 S.W. 193 (Tex. 1890).

In the instant case, answers to interrogatories, admissions and certain statements[3] in appellants' affidavits opposing summary judgment make clear that the parties contracted with reference to a specific, identified, segregated tract of 21.37 acres in the Robert H. Foote Survey of Gregg County, Texas, with which all of them were familiar and which was the only tract owned by appellee in that survey. The survey had already been run and the surveyor's field notes describing that tract were before the parties when the contract was signed, although they were not attached. Considerably in advance of the entry of judgment, appellants advised the trial court of their claim for reformation due to a mutual mistake pertaining to the omission of the field notes description, and amended their pleadings setting up that right. In those circumstances, a genuine issue of fact existed as to appellants' right to reformation, thus precluding summary judgment of cancellation. Tex.R.Civ.P. 166–A.

The fact that the description in the contract spoke in terms of a future survey, rather than an existing one, cannot defeat appellants' right to a trial on the merits of their claim for reformation. At most, it would raise a fact issue as to whether the scrivener erroneously referred to a future survey when the one in existence was intended, or whether the parties actually intended to have a new survey performed.

Appellee argues that even if the court erred in granting summary judgment on the ground of insufficient property description, its judgment should nevertheless be affirmed because the undisputed summary judgment evidence shows a failure to comply with a condition, the violation of which would result in the termination of the contract. The alleged condition is the following provision of the contract:

"Seller shall provide and construct a road from U. S. 259 on a line centering on the property lines of a certain 12 + acre tract belonging to Foster T. Bean and Hugh Camp to the south of said road, and a tract belonging to Johnny Cace to the north of said proposed road. Said road to extend on the same line across creek of the southeast corner of subject property. This road shall be dedicated to the County and be constructed to the specifications of the County, and shall be completed on or before closing, but not to exceed 60 days from acceptance date of this contract; however, this date may be extended if mutually agreed upon in writing by both parties."

Conditions which may result in forfeitures or in the termination of contracts are not favored by the law and will not be decreed unless the contract contains clear and specific provisions to that effect. *Hearne v. Bradshaw,* 158 Tex. 453, 312 S.W.2d 948 (1958). The contract here contains no stipulation for termination or forfeiture with reference to the road obligation. In those circumstances the provision will be construed to be not a condition but a covenant, the breach of which will result in a cause of action for damages rather than for termination. *Texas Electric Ry. Co. v. Neale,* 151 Tex. 526, 252 S.W.2d 451 (1952). Moreover, it was *appellee* who was obligated to construct the road. A party will not be allowed to seize upon a breach of his own

---

3. The statements are to be taken as true in determining whether a material issue of fact exists so as to preclude summary judgment.

*Farley v. Prudential Insurance Company,* 480 S.W.2d 176 (Tex.1972); 4 McDonald's, Texas Civil Practice, Sec. 17.26.12, p. 172.

agreement as grounds to terminate a contract when the other party wishes to affirm it. 17A C.J.S. Contracts Sec. 423, p. 524.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.