S10A0910. TEMPLETON v. HOWELL et al.
(701 SE2d 185)

HUNSTEIN, Chief Justice.

This case involves the question whether there existed a sufficiently specific description of certain real property in a will so as to constitute a valid devise. The undisputed facts established that Walter Templeton, Sr., died testate in January 1982, survived by his wife and several children, including appellant and appellees. At the time of his death, testator owned an unsubdivided 60-acre tract of land comprising his residence and the family farm. Testator named appellant as the sole executor of the will and provided in Item VI that

> I grant [appellant] the right and option to purchase any or all of the real estate that I may own at the time of my death, excepting one (1) acre of land upon which my residence is located, for the sum of [$650] per acre. This option may not be exercised during the lifetime of my wife, but may be exercised only for a period of six (6) months following the date of the death of my wife . . . .

After testator's wife died in 2007, appellant had the property platted and exercised his option to purchase the property under Item VI of testator's will. He transferred to himself via an executor's deed the 60-acre tract less a one-acre tract containing the residence. The

boundaries for the one-acre tract, as drawn by appellant, severed the house from an adjacent barn and the septic system that had served the house during the testator's lifetime.

Appellees filed suit to invalidate the option and set aside the executor's deed alleging, inter alia, that the option in Item VI lacked a clear and definite location defining the one-acre tract of land to be excepted from the property subject to the option. The trial court granted appellees' motion for summary judgment and set aside the executor's deed.

We affirm. In the unquestioned absence of a description of the one-acre tract with the required degree of certainty, the trial court correctly recognized that the will's language needed to "furnish a key by which [the one-acre tract] may be sufficiently identified by the aid of extrinsic evidence," *Smith v. Wilkinson*, 208 Ga. 489, 493 (2) (67 SE2d 698) (1951), and, failing to do so, the devise of the property excepting that one-acre tract was void. See id. Although the will refers to a building and to a definite acreage, the will's description "tells nothing of the configuration of the land described. It could be a square with [the residence] in the center or a rectangle or a circle." *Kauka Farms v. Scott*, 256 Ga. 642, 644 (1) (352 SE2d 373) (1987) (discussing *Laurens County Bd. of Ed. v. Stanley*, 187 Ga. 389 (200 SE 294) (1938)). See also *Smith v. Wilkinson*, supra at 494-495 (deed excepting "'3 acres, more or less, to be set aside as a home place containing the Wilkinson home'" was unquestionably indefinite and uncertain in location and boundaries because "the excepted 3 acres, more or less, may be set aside in any shape just so it contains the Wilkinson home"). There is not even an attempt in the will to set forth the shape of the plot. Compare *Kauka Farms v. Scott*, supra at 644 (1) (deed identified central point and provided for definite acreage "surrounding," i.e., encircling, that point).

Although appellant argues the trial court should have allowed extrinsic evidence as to testator's intent, the law is well established that only "'[i]f (the) description is ambiguous but sufficient to furnish a key to the boundary [may] extrinsic evidence . . . be used to correctly apply the description to the true boundary . . . .' [Cits.]" *Ketchum v. Whitfield County*, 270 Ga. 180, 181-182 (508 SE2d 639) (1998). In the absence of any language in testator's will furnishing a key to the boundaries of the one-acre tract, the trial court did not err by refusing to consider extrinsic evidence.

Nor does it avail appellant that Item VII of the will authorized him to "sell any part of" the estate "as he may deem best." In *Plantation Land Co. v. Bradshaw*, 232 Ga. 435 (207 SE2d 49) (1974), the description of property excluded from the sales contract was: "'the residential dwelling occupied by the seller together with a tract of property not exceeding 10 acres selected by seller.'" Id. at 436.

The appellant in that case had argued that the "key" was provided by the seller's being authorized to choose the shape of the ten acres around the house and, secondly, the survey which was to be made in the future. We rejected that argument, however, finding no "key" in the description because there was no definite indication of either size, shape, or location of the "up to 10 acres" exception. Id. at 440.

Accordingly, because the description of the property in the will was so vague that it provided no key to determine the boundaries of the property, we affirm the trial court's ruling.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 2010.

*Fulcher Hagler, Amy R. Snell*, for appellants.
*Allen W. Johnson, Johnston, Wilkin & Williams, William J. Williams*, for appellees.